AUTOMOBILE SALES CO. *v.* JOHNSON *et al.**

(*Nashville,* December Term, 1938.)

Opinion filed Dec. 17, 1938.

*This case reprinted and annotated in 120 A. L. R., 370.

HAL S. BUCHANAN and WILLAM G. CAVETT, both of Memphis, for plaintiff.

ROY H. BEELER, Attorney-General, and DUDLEY PORTER, JR., and EDWIN F. HUNT, Assistant Attorneys-General, for defendants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This suit was brought by the Automobile Sales Company in the Circuit Court to recover gasoline taxes which had been paid under protest to the Commissioner of Finance and Taxation. The Commissioner and the constable, J. C. Johnson, who served a distress warrant issued by the Commissioner to compel payment of the

tax, and the surety upon the bond of the constable, were made parties defendant. Johnson and the surety, the Fidelity and Casualty Company of New York, filed a demurrer on the ground that the suit was one to recover State tax which had been collected more than thirty days prior to the institution of the suit. The Commissioner filed a plea in abatement averring that the summons was executed on him in Shelby County, while he was in that County as a member of the State Board of Equalization in attendance upon hearings of that Board, pursuant to law; that Shelby County was not his residence or domicile, and that his sole business in that County when served was in the discharge of his official duties as before set forth. A demurrer was interposed to this plea.

The case was heard by the trial Judge upon an agreed statement of facts, and a demurrer of Johnson and the Surety Company was sustained and the plea in abatement of the Commissioner was likewise sustained, the demurrer thereto being overruled.

We consider, first, the question presented by the demurrer filed by Johnson and the Surety Company presenting the defense that the suit was not brought within the thirty days prescribed by the statute. It was shown by the stipulation that the Sales Company had filed a bill to recover this same tax in the Chancery Court of Shelby County within thirty days from the date of the payment of the tax, and this suit was dismissed without prejudice, the Chancellor having sustained a demurrer and a plea therein.

■■ It is well settled that a suit to recover an allegedly illegal State tax, although nominally brought against the collecting officer, is a suit against the State. *New England Mutual Life Insurance Co.* v. *Reece,* 169

Tenn., 84, 96, 97, 83 S. W. (2d), 238; *General Oil Company* v. *Crain*, 117 Tenn., 82, 95 S. W., 824, 121 Am. St. Rep., 967; *Smith* v. *Reeves*, 178 U. S., 436, 20 S. Ct., 919, 44 L. Ed., 1140; 23 R. C. L., page 413.

It will not be questioned that no suit against the State can be maintained unless authorized by the Constitution or a statute. The statute authorizing a suit to recover an illegally paid tax is Code Section 1792, which reads as follows: "The person paying said revenue may, at any time within thirty days after making said payment, *and not longer thereafter,* sue the said officer having collected said sum, for the recovery thereof." (Italics inserted.)

█ It is also well settled that statutes permitting suits against the State must be strictly construed. *State ex rel. Allen* v. *Cook*, 171 Tenn., 605, 106 S. W. (2d), 858; *New England Mutual Life Ins. Co.* v. *Reece, supra; Beers, to Use of Platenius* v. *Arkansas*, 20 How., 527, 15 L. Ed., 991; *Smith* v. *Reeves*, 178 U. S., 436, 20 S. Ct., 919, 44 L. Ed., 1140; 25 R. C. L., p. 416.

It is conceded that the suit at bar was not brought within thirty days after the payment was made. It is, however, insisted that, since the Sales Company had brought a former suit to recover this tax, within the thirty days after payment to the officer, and this former suit had been dismissed upon grounds not concluding the right of action, Code, Section 8572, has application. This presents the determinative issue. The section invoked reads as follows:

"If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment

or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one year after the reversal or arrest."

It is insisted for the State that this statute is a general procedural statute and that such statutes do not apply to the State unless the State is specifically named therein. As authority for this insistence, *Quinton* v. *Board of Claims,* 165 Tenn., 201, 54 S. W. (2d), 953, is cited, wherein, on page 215, 54 S. W. (2d), on page 957, it was said:

"General procedural statutes in which the State is not specifically named, and which, if applied, would operate to restrict the State's sovereignty, cannot be invoked against the State.

"The last clause of article 1, section 17 of the Constitution provides that suits may be brought against the state in such manner and in such courts as the Legislature may by law direct. This provision carries the positive implication that suits shall not be brought otherwise, or at all, unless the authority be affirmatively given by statute. *Insurance Co.* v. *Craig,* 106 Tenn., [621], 629, 62 S. W., 155."

The general rule is thus set forth in Sutherland on Statutory Construction (2 Ed.), Volume 2, page 953, section 514, as follows:

"It is a general rule that the State is not bound by the general words of a statute, which, if applied, would operate to trench on its sovereign rights, injuriously affect its capacity to perform its functions, or establish a right of action against it, unless the contrary is expressly declared or necessarily implied."

Cases from other jurisdictions supporting this view

are: *State* v. *Kinne,* 41 N. H., 238; *Schuyler County* v. *Mercer County,* 9 Ill., 20, 4 Gilman, 20; *Seton* v. *Hoyt,* 34 Or., 266, 55 P., 967, 43 L. R. A., 634, 75 Am. St. Rep., 641; *Mayrhofer* v. *Board of Education et al.,* 89 Cal., 110, 26 P., 646, 23 Am. St. Rep., 451.

In the *New Hampshire Case,* above cited, this very pertinent language is found:

"We found that it is a principle of the common law as old as the law itself, that 'the king is not bound by any statute, if he be not expressly named to be so bound.' Broom Leg. Max., 51. *'Roy n'est lie per ascun statute, si il ne soit expressement nosme.'* It is said to be inferred, *prima facie,* that the law made by the crown, with the assent of the Lords and Commons, is made for subjects and not for the crown; but this rule seems to apply only where the property or peculiar privileges of the crown are affected, and this distinction is laid down, that where the king has any prerogative, estate, right, title, or interest, he shall not be barred of them by the general words of an act, if he be not named therein. The rule which is thus applied to the crown is applicable to the State, or other supreme power and function of legal authority."

In the *Illinois Case, supra,* the Court said:

"Ordinarily a law, which, in general terms, speaks of plaintiffs and defendants, applies to persons only; and States . . . are not affected by its provisions, unless expressly named and brought within them."

In the *Oregon Case, supra,* the Court held that a county, being an agent and arm of the State, was not liable to pay interest under a general statute, which did not expressly purport to embrace the State or County. Discussing the principle involved, it was said [55 P. 968]:

"Nor is the state within the purview of a general law regulating the rate of interest upon money due or to become due, and this goes upon the ground that a sovereign is not bound by the words of a statute unless it is expressly named," citing cases.

In the *Mayrhofer Case, supra,* in which the Supreme Court of California held that a public building was not subject to the mechanic's lien laws provided for by a general statute, the Court said that the argument made "ignores the rule of statutory construction, that the state is not bound by general words in a statute which would operate to trench upon its sovereign rights, injuriously affect its capacity to perform its functions, or establish a right of action against it. Says Mr. Justice Story in *United States* v. *Hoar* [Fed. Cas. No. 15,373], 2 Mason, [311], 314: 'In general, acts of the legislature are meant to regulate and direct the acts and rights of citizens; and in most cases the reasoning applicable to them applies with very different, and often contrary, force to the government itself. It appears to me, therefore, to be a safe rule, founded in the principles of the common law, that the general words of a statute ought not to include the government or affect its rights, unless that construction be clear and indisputable upon the text of the act.' To the same effect are the following cases: [*Booth and Rench, Ex'rs of*] *Swearingen* v. *U. S.,* 11 Gill. & J., 373; *Com.* v. *Baldwin,* 1 Watts [Pa.], 54 [26 Am. Dec., 33]; *Dollar Sav. Bank* v. *U. S.,* 19 Wall. [227], 239, [22 L. Ed., 80]; *United States* v. *Davis* [Fed. Cas. No. 14,929], 3 McLean [483], 484; *United States* v. *Williams* [Fed. Cas. No. 16,721], 5 McLean, 133; *Com.* v. *Johnson,* 6 Pa., 136; *Josselyn* v. *Stone,* 28 Miss., 753; *People* v. *Herkimer,*

4 Cow. [N. Y.], 345 [15 Am. Dec., 379] ; and a great many others.''

And, again, that Court said:

''One cannot sue the state, unless expressly authorized by statute, and this principle is embodied in our consti- tution. General statutes creating new remedies for in- dividiuals have never been held to authorize such suits.''

■■ Not only, as heretofore shown, is it held that general procedural statutes are not held to apply to a State unless expressly so provided, but the procedural statute, Code, Section 8572, herein invoked has applica- tion to statutes of limitation of a general nature which relate to the remedy only, whereas we have here a stat- ute which expressly provides a condition precedent, com- pliance with which is essential in order to confer juris- diction. The distinction is dealt with and applied in our case of *Vaught* v. *Virginia & Southwestern Railroad*, 132 Tenn., 679, 179 S. W., 314, in which the application of what is now Code, Section 8572 was considered and de- nied application to a suit brought under the federal Employers' Liability Act, 45 U. S. C. A., section 51 *et seq.*, which act conferred the right to sue thereunder, conditioned on the suit being brought within two years from the day the cause of action accrued. Said this Court, citing *The Harrisburg*, 119 U. S., 199, 7 S. Ct., 140, 30 L. Ed., 362: ''The liability and the remedy are created by the same statutes, and the limitation of that remedy is necessarily a limitation of the right.'' This Court also cited and approved the following expression from *Morrison* v. *B. & O. R. R.*, 40 App. D. C., 391, Ann. Cas., 1914C, 1026:

''The time within which the suit must be brought op- erates as a limitation of the liability itself as created,

and not of the remedy alone. It is a condition attached to the right to sue at all. . . . Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are therefore to be treated as limitations of the right.''

Again, in the *Vaught Case,* the following quotation is approved from Thornton's Federal Employer's Liability and Safety Appliance Act (2 Ed.), Section 114, pages 173, 174:

''The action must be brought within two years after the death of the injured person, and the time is not extended by the pendency or dismissal of a former action, as allowed by some. Codes in the ordinary cases. The statute requiring action to be brought within two years is not, strictly speaking, a statute of limitations, which must be specifically pleaded, but is an absolute bar, not removable by any of the ordinary exceptions of that statute.''

And, in concluding the opinion in the *Vaught Case,* the following language was used, which, while directed to the federal statute, seems to have like application to the State statute now before us:

''The statute created a right of action which did not before exist. The condition to that right was that suit should be instituted within two years from the date the right of action accrued. While Congress gave the right to institute the action in the state courts, this does not change the rule so well settled in other actions of like character predicated upon federal statutes. The act broadened the forum within which suit might be instituted, and extended it to the state courts; but it is nevertheless a federal law. There is no provision in the

federal act giving the right, upon voluntary nonsuit, to institute a new action after the expiration of the two years.''

Nor are we without direct text book and decision authority for application of these principles to the question directly presented in the case at bar as to whether or not a general limitation saving statute, such as Code, Section 8572, will be given application.

We find the principle invoked by the demurrer thus stated in 37 C. J., at page 1084:

''Statutes providing for the bringing of a new action in certain cases after the failure of a former action . . . have been held not to apply to . . . actions maintainable solely by authority of special laws which make it a condition precedent to the right of recovery that action be brought within a period prescribed,'' citing cases, some of which we now mention.

In *Peacock* v. *Churchhill*, 38 Ill. App., 634, denying application of a general statute allowing a second suit to be brought following dismissal of the first, referring to the statute which created the right of action, the Court said:

''It is a jurisdictional statute and grants only a limited time in which such bills shall be exhibited. It is in fact an enabling statute without which no bill could be filed to test the validity of a will. If the Legislature had designed any exceptions like the one here contended for, it certainly would have so framed the statute as to provide for them, or have passed some other remedial statute. We must therefore conclude that the plaintiffs in error had no cause of action under the statute, their rights, if any, having been lost by failing to take advantage of the statute.''

It will be observed that not only does our authorizing statute, Code, Section 1792, not provide for an extension of time, but it expressly excludes such extension by the words, *"and not longer thereafter."*

The suit in *City of Macon ex rel. Little* v. *Sparrow*, 197 Mo. App., 654, 198 S. W., 1136, was brought to enforce a tax lien given by a statute which the Court held to carry a limitation of the right to enforce the lien to five years. The suit was brought after the expiration of this time, it being set up that a former suit had been commenced within the limited period and dismissed for want of prosecution. Reliance was on a general statute giving plaintiffs one year after such a dismissal to bring a second suit. Holding that the saving statute did not apply, the Court said that, "No holder of a tax bill has a natural right to a lien, the lien being purely the creature of statute, and where the statute provides the time it may run it cannot run any longer than is expressly provided." In other words, since the statute creating the right of action fixed the limitation, the general saving statute providing for a new suit, did not apply.

*Cavanagh* v. *Ocean Steam Nav. Co.*, 13 N. Y. S., 540, 19 N. Y. Civil Proc. R., 391, is another case cited by Corpus Juris. The opinion deals with a limitation of time fixed in a statute creating or granting the right to sue. Said the Court, this limitation "is not an immaterial incident affecting the remedy only; it is more than a mere matter of unimportant detail, separated from the liability itself created by the statute. It is part of it. Any restraint or circumscription the sovereign power enacting a law chooses to put upon its operation is an integral part of it, and inseparable from the right or liability created by it. If it be a limitation of time within

which a liability must be enforced, that limitation is of the essence of the liability. It was recently so held in *Hill* v. *Supervisors,* 119 N. Y., 344, 23 N. E., 921, and such is the view taken by the Supreme Court of the United States of statutes of Massachusetts and Pennsylvania *in pari materia* with the English statute. In a proceeding in the United States courts the statute referred to came under consideration (*The Harrisburg,* 119 U. S., 199, 7 S. Ct., 140 [30 L. Ed., 358]) and the court (WAITE, C. J.,) says: 'The statutes create a new legal liability with the right to a suit for its enforcement, provided the suit is brought within the twelve months, and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all.' 'Time has been made the essence of the right, and that right is lost if the time is disregarded.' As thus defined, the right of action is conditional. The limitation inheres in the right itself. It does not relate to the remedy alone, and the provisions of the Code of Civil Procedure invoked by the plaintiff as the law of the forum do not apply.'' [Page 542.]

██ ██ While no case has been cited which deals with the specific statutes now before us, the principles decided and the reasoning of the opinions in the cases reviewed, are applicable and controlling here. As has been seen, it is laid down (1) that general statutes do not apply to, or affect, the State, unless they expressly so provide; and (2) that, even more conclusive here, when a statute which creates a right of action expressly limits the time in which suit to enforce the right may be brought, time is of the essence of the right and the limitation of the remedy is a limitation of the right. We are,

therefore, constrained to hold that the right to maintain this suit was lost by failure to bring it within the thirty days prescribed by Code, Section 1792, and that Code, Section 8572, may not be invoked.

It results that the judgment of the trial Court sustaining the demurrer of Johnson and the Surety Company must be affirmed; and, since this holding is also determinative of the right to sue the Commissioner, the other party defendant below, this suit will be here dismissed.