Tasha **EASON**, Plaintiff–Appellant,

v.

**MEMPHIS LIGHT, GAS & WATER DIVISION, a division of the City of Memphis, Defendant–Appellee.**

Court of Appeals of Tennessee, Western Section, at Jackson.

July 15, 1993.

Application for Permission to Appeal Denied by Supreme Court Oct. 25, 1993.

Hite McLean, Jr., Memphis, for plaintiff-appellant.

Jeff Weintraub, Cindy Cole Ettingoff, Weintraub, Robinson, Weintraub & Stock, P.C., Memphis, for defendant-appellee.

CRAWFORD, Judge.

This case involves the applicability of the Tennessee savings statute to an action brought against a governmental entity under the Tennessee Human Rights Act. On June 24, 1986, plaintiff, Tasha Eason (hereinafter Eason), filed a complaint in the Chancery Court of Shelby County alleging that defendant, Memphis Light, Gas & Water Division of the City of Memphis (MLGW), had refused to reinstate or reemploy her because of her sex and/or race in violation of the Tennessee Human Rights Act, T.C.A. § 4–21–101 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C., § 2000e et seq. and 42 U.S.C. §§ 1981 and 1983. On July 15, 1986, MLGW removed the action to the United States District Court for the Western District of Tennessee.

After various transfers and rulings in the federal court, the case was dismissed without prejudice on April 21, 1992, pursuant to Fed. R.Civ.P. 41(a)(2). On that date, Eason filed a motion to reopen her original suit in the chancery court, and on July 21, 1992, Eason filed a new action in chancery court alleging claims solely under the Tennessee Human Rights Act. On October 20, 1992, the chancellor entered an order dismissing the new action filed July 21, 1992, and in the same order denied Eason's motion to reopen her original suit. In its order, the court stated:

Based upon the arguments of the parties, the court concludes the following:

1. Pursuant to the case of Bolivar Sand Co. v. Allied Equipment, slip op. (Tenn. App. filed April 13, 1987) this court lacked jurisdiction to dismiss plaintiff's action number 934663–3 after that action was removed to federal court. The court further finds that the federal court, not this chancery court, had jurisdiction of all of the plaintiff's claims, including plaintiff's state law claims. Accordingly, this court no longer has jurisdiction of plaintiff's claim number 934663–3.

At the April 27, 1992, hearing before Judge McCalla plaintiff, pursuant to Rule 41(a)(2) moved to dismiss without prejudice all of her claims in federal court. The federal court granted plaintiff's motion and this dismissal operated as a dismissal of her federal law and state law claims. Because plaintiff's state law claims were not remanded to chancery court, this court has no jurisdiction over those claims and, therefore, denies plaintiff's motion to reopen.

2. With regard to defendant's motion to dismiss plaintiff's newly filed complaint No. 101720–3, the court finds *Williams v. MLGW*, 773 S.W.2d 522 (Tenn.App.1988) to be controlling. Thus, the Tennessee savings statute, Tennessee Code Annotated § 28–1–105 does not apply to MLGW, a governmental entity, in this action commenced under the Tennessee Human Rights Act, and plaintiff is beyond the time in which to refile her action. The court also finds the doctrines of equitable tolling and continuing violation to be inapplicable.

The sole issue for this Court to decide is whether the savings statute, T.C.A. § 28–1–105, is applicable to plaintiff's action under the Tennessee Human Rights Act against MLGW, a governmental entity. T.C.A. § 28–1–105 (1980 & Supp.1992) states in pertinent part:

(a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within (1) year after the reversal or arrest.

█ This statute is remedial, and should be liberally construed in furtherance of its purpose and in order to bring cases within its

spirit and fair intention. *Woods v. Palmer,* 496 S.W.2d 474 (Tenn.1973); *Energy Sav. Prods., Inc. v. Carney,* 737 S.W.2d 783 (Tenn. App.1987).

MLGW relies on the case of *Williams v. Memphis Light, Gas & Water Div.,* 773 S.W.2d 522 (Tenn.App.1988), in which plaintiff brought suit pursuant to the Tennessee Governmental Tort Liability Act against MLGW for personal injuries sustained when he stepped on a water meter cover. Plaintiff filed suit on September 24, 1984, and voluntarily nonsuited the action on October 24, 1986. Plaintiff then refiled a second suit on May 22, 1987, alleging the same cause of action. The *Williams* court noted that the Governmental Tort Liability Act allows suit to be brought against governmental entities within limitations expressed in the act. One such limitation is set forth in T.C.A. § 29–20–305(b) which provides that "[t]he action must be commenced within twelve (12) months after the cause of action arises." In dismissing plaintiff's suit, the court held that the Tennessee savings statute does not apply to suits brought under the Tennessee Governmental Tort Liability Act. The Court said:

> Where a statute creates a new liability or extends a new right to bring suit and that statute provides a time period within which to bring the action, that period
>
> > "operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. Time has been made the essence of the right, and that right is lost if the time is disregarded. As thus defined, the right of action is conditional. The limitation inheres in the right itself."

*Automobile Sales Co. v. Johnson,* 174 Tenn. 38, 122 S.W.2d 453, 457–458 (1938).

As a governmental entity, MLG & W is covered by the Act. Since the Act created a new liability, it must be strictly construed. 773 S.W.2d at 523.

MLGW argues that the rationale of the Court in *Williams* is applicable to the case at bar and that the savings statute cannot be used to extend the period in which suit can be filed against a governmental entity. Reliance is also placed on *Thomas v. State,* slip op. (Tenn.App. filed June 14, 1984).

Defendant's reliance on *Williams* and *Thomas* is misplaced. In *Williams,* the case was filed under the Tennessee Governmental Tort Liability Act, which specifically requires suit to be filed within twelve months after the cause of action arises. T.C.A. § 29–20–305(b) (Supp.1992). *Thomas* was a case filed with the Board of Claims against the State of Tennessee and the statute authorizing such a claim requires that it be filed within stated times from the date the claim accrues. T.C.A. § 9–8–402(a) & (b) (1992).

Suit in the instant case was filed under the Tennessee Human Rights Act, T.C.A. § 4–21–101, et seq. (1991), which was enacted by the legislature in 1978, approximately five years after the enactment of the Tennessee Governmental Tort Liability Act. Unlike the Governmental Tort Liability Act, the Human Rights Act, at the time Eason originally commenced her suit and at the time it was dismissed without prejudice, did not contain its own statute of limitation.[1] Our courts have held that the one year general limitation period of T.C.A. § 28–3–104 applies to the Human Rights Acts in the absence of a specific statute of limitations set out therein. *Bennett v. Steiner–Liff Iron & Metal Co.,* 826 S.W.2d 119, 121 (Tenn.1992); *Hoge v. Roy H. Park Broadcasting of Tennessee, Inc.,* 673 S.W.2d 157, 160 (Tenn.App.1984).

■ MLGW seems to argue in its brief that the amendment to the Human Rights Act effective May 22, 1992, establishing a one year statute of limitations is applicable to the case at bar. We must respectfully disagree. This Court said in *Collier v. Memphis Light*

---

**1.** The Tennessee legislature rewrote § 4–21–311 of the Tennessee Human Rights Act to be effective May 22, 1992, to read "a civil cause of action under this section shall be filed in chancery court within one (1) year after the alleged discrimina-
tory practice ceases, and any such action shall supersede any complaint or hearing before the commission concerning the same alleged violations, and any such administrative action shall be closed upon such filing."

*Gas & Water Div.,* 657 S.W.2d 771 (Tenn. App.1983):

> When a statute creates a new right, takes away a vested right, or impairs contractual obligations, its retrospective application is constitutionally forbidden. Tenn. Const. art. 1, § 20; *Anderson v. Memphis Housing Authority,* 534 S.W.2d 125, 127 (Tenn.App.1975). Since the suit of plaintiffs was barred at the time of the amendment to the Act, there can be no doubt that a retrospective application of the amendment is forbidden as taking away a vested right. Therefore, we hold that the actions of the plaintiffs under the Act are barred by provisions of Tenn.Code Ann. § 29–20–305(b).

657 S.W.2d at 775.

If plaintiff's suit was saved by the savings statute at the time of its dismissal in April of 1992, the subsequent statutory amendment could not operate to take away that vested right. The question we must decide is whether plaintiff's action was saved by virtue of the statute as it existed at that time.

In *Roberson v. University of Tennessee,* C.A. No. 754, 1988 WL 74236 (Tenn.App. filed July 19, 1988), the trial court dismissed Roberson's complaint for sex discrimination under the Tennessee Human Rights Act against the university on the ground that sole jurisdiction resides in the Tennessee Claims Commission. In reversing the trial court and holding that the suit against the state could be maintained in chancery court as provided in the Human Rights Act, Judge Anderson, now Justice Anderson of the Tennessee Supreme Court, said:

> In 1978 the Legislature enacted a Human Rights Act, T.C.A. § 4–21–101, the declared purpose of which was "to assure that Tennessee has appropriate legislation prohibiting discrimination in employment, public accommodations and housing" and "to provide for execution within Tennessee of the policies embodied in the Federal Civil Rights Act of 1964, 1968 and 1972 and the Age Discrimination in Employment act of 1967...." The Act created a Human Rights commission, defined discriminating practices, and provided a mechanism for hearing complaints administratively and is-

suing orders remedying discriminating practices. The Act prohibits discriminatory employment practices by employers "with respect to compensation, terms, conditions or privileges of employment because of such individual's race, creed, color, religion, sex, age or national origin." Remedies are broad in scope and include reinstating or upgrading employee status, damages for humiliation and embarrassment, and attorney fees.

> The commission may enforce its orders in the Chancery Court by applying for restraining or other orders. Judicial review of the commission's determinations is also available in the Chancery Court, the jurisdiction of which is exclusive under the terms of the Act. In addition, one provision of the Act, T.C.A. § 4–21–311, provides that an injured person has a direct cause of action against the employer in Chancery Court for injunctive relief and damages for violations of the Act, including reasonable attorney fees and costs of the lawsuit. The Act specifically includes the state as an "employer" with the same obligations as other employers under the statute.

> \*    \*    \*    \*    \*    \*

> [I]t is clear that the Human Rights Act is a special statute with specific provisions and remedies relating to basic and fundamental rights....

*Roberson,* slip op. at 2–4.

■ The clear language from the Tennessee Human Rights Act evinces an unmistakable legislative intent to remove whatever immunity a governmental entity may have had under the Governmental Tort Liability Act. *Rooks v. Chattanooga Elec. Power Bd.,* 738 F.Supp. 1163 (E.D.Tenn.1990).

■ We conclude that at the time the Tennessee Human Rights Act was passed by the legislature, the clear legislative intent was to include the governmental entities and place them in the same standing as private employers. Immunity of the sovereign was removed as though the sovereign was a private citizen. In the absence of a limitation

period in the act itself, the general statute of limitations applies and thus the savings statute, T.C.A. § 28–1–105, was applicable. Plaintiff's suit filed July 21, 1992, was therefore timely, being filed within one year of the previous dismissal.

The order of the chancery court dismissing plaintiff's complaint is reversed and this case is remanded to the trial court for such further proceedings as may be necessary.

Costs of the appeal are assessed against appellee.

TOMLIN, P.J., W.S., and FARMER, J., concur.