| | | |
|---|---|---|
| JOSEPH JONES, | ) | Davidson Chancery |
| | ) | No. 96-717-II |
| Plaintiff/Appellee, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| LINDA RUDOLPH, COMMISSIONER, | ) | |
| TENNESSEE DEPARTMENT OF | ) | Appeal No. |
| HUMAN SERVICES, | ) | 01A01-9611-CH-00513 |
| | ) | |
| Defendant/Appellant. | ) | |

FILED

November 14, 1997

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEAL FROM CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

HONORABLE CAROL L. McCOY, CHANCELLOR

John Knox Walkup
Attorney General & Reporter

Sue A. Sheldon #152295
Assistant Attorney General
1510 Parkway Towers
404 James Robertson Parkway
ATTORNEYS FOR DEFENDANT/APPELLANT

Norman B. Feaster, II
Legal Services of South Central TN, Inc.
P.O. Box 1293
Tullahoma, TN 37388
ATTORNEY FOR PLAINTIFF/APPELLEE

**REVERSED AND REMANDED**

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

BEN H. CANTRELL, JUDGE
WILLIAM B. CAIN, SPECIAL JUDGE

| | | |
|---|---|---|
| JOSEPH JONES, | ) | Davidson Chancery |
| | ) | No. 96-717-II |
| Plaintiff/Appellee, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| LINDA RUDOLPH, COMMISSIONER, | ) | |
| TENNESSEE DEPARTMENT OF | ) | Appeal No. |
| HUMAN SERVICES, | ) | 01A01-9611-CH-00513 |
| | ) | |
| Defendant/Appellant. | ) | |

# **O P I N I O N**

The Trial Court and this Court have granted interlocutory appeal from an order overruling the motion of the Commissioner of Human Services to dismiss the petition of Joseph Jones for judicial review of an administrative decision of the Commissioner.

## ADMINISTRATIVE PROCEEDINGS

On December 4, 1992, the captioned plaintiff filed with the Tennessee Department of Human Services an application for Medicaid benefits. Ultimately, a "contested case" reached the Commissioner of Human Services who, on January 24, 1994, entered a final order denying the requested benefits.

## TRIAL COURT PROCEEDINGS

On March 23, 1994, within 90 days after the entry of the final administrative order, plaintiff filed in the Trial Court his first complaint for judicial review under Trial Court number 94-864-I which indicates that the ensuing proceedings took place in Part I of the Chancery Court. The record of the administrative agency was filed with that Trial Court on November 2, 1995.

On March 3, 1995, that Trial Court entered an order dismissing case number 94-864-I for failure to prosecute as required by local rules and affirming the decision of the agency. The

order was served upon the plaintiff. The record contains no post-judgment motion or order regarding the final judgment in case number 94-864-I.

On March 4, 1996, plaintiff filed in Part II of the Chancery Court at Nashville under case number 96-717-II, a second petition for judicial review of the same administrative order. Proceedings under this case number occurred in Part II of the Chancery Court at Nashville under the Chancellor of that Court.

On April 16, 1996, the Commissioner moved to dismiss the second petition for review on two grounds:

1.     The "Savings Statute," (T.C.A. § 28-1-105) is inapplicable to an action against the State because of sovereign immunity.

2.     The March 3, 1995, dismissal of case number 94-864-I was an "adjudication on the merits" and therefore did not qualify as a "judgment or decree against the plaintiff upon any ground not concluding his right of action," as described in the Savings Statute.

On June 3, 1996, the Trial Judge sitting in Part II at that time, entered the following order in case no. 96-717-II:

> This case was heard on May 10, 1996, before the Honorable Ellen Hobbs Lyle, Chancellor for Davidson County, Tennessee, on the Motion to Dismiss filed by the defendant, the plaintiff's response, argument of counsel, and the record as a whole.
>
> - - - -
>
> The Court found the plaintiff was not guilty of laches due to his failure to comply with Local Rule 30. The defendant was not prejudiced by the plaintiff's non-compliance, particularly since the case is an appellate-like proceeding based solely on the administrative record, and the savings statute, T.C.A. § 28-1-105, is applicable to the plaintiff's case allowing him to refile his appeal of the defendant's decision that denied his Medicaid application. It is, therefore ORDERED that the defendant's Motion to Dismiss is denied.

On August 16, 1996, the same Trial Judge entered the following order in the same case:

> This case was heard on August 2, 1996 before the Honorable Ellen Hobbs Lyle, Chancellor for Davidson County, Tennessee, on the Respondent's motion to reconsider denial of the motion to dismiss this action, Petitioner's Response to the motion, arguments of counsel, and the record as a whole.
>
> The Respondent advanced arguments in support of her motion to reconsider that (1) sovereign immunity barred application of the savings statute to actions against the State, (2) that the savings statute had no application where as in this case Petitioner's original action was dismissed on grounds concluding the Petitioner's right of action and (3) that under the language of Rule 41.02(3) of the T.R.A.P. (which provides that "unless the court in its order for dismissal otherwise specifies, the dismissal operates as an adjudication on the merits") the order of dismissal entered by the Court on March 3, 1995, in the Petitioner's original action, which Order dismissed the original action, affirmed the administrative agency decision and assessed costs to the Petitioner and did not "otherwise specify," under Rule 41.02(3) the March 3, 1995 order of dismissal.
>
> In opposition to the Respondent's motion to reconsider, the Petitioner advanced arguments that sovereign immunity did not bar application of the savings statute to this case and cited in reliance on his arguments the case of Brooksbank v. Roane County, 341 S.W.2d 570 (Tenn. 1960).
>
> The Court in denying the Respondent's motion to reconsider dismissal of this second action ruled that by analogy Brooksbank provided the Court a basis upon which the Court could deny the Respondent's motion to reconsider.
>
> IT IS SO ORDERED.

On November 1, 1996, a successor Trial Judge of Part II entered the following order:

> The Respondent has filed an Application for Permission to Appeal the Order of August 16, 1996 which denied Respondent's Motion to Dismiss for failure to state a cause of action.
>
> The Order of August 16, 1996 was written by this Chancellor's predecessor who found that sovereign immunity does not bar application of the savings statute to UAPA actions filed against the state. This Court respectfully disagrees. The Plaintiff filed an administrative appeal on March 25, 1994 which was dismissed for failure to prosecute on March 3, 1995. The Plaintiff refiled the same appeal on March 4, 1996. The Court considers the Order of August 16,

> 1996 to have been in error since the Defendant State of Tennessee is not subject to the savings statute, T.C.A. § 28-1-105, and further that the Order of Dismissal dated March 3, 1995 was on the merits since no motion to vacate was timely filed. The Court has considered the probability of reversal, whether the interlocutory appeal will result in a net reduction in the duration and expense of the litigation if the challenged Order is reversed, and the need to develop a uniform body of law. It is therefore ordered that the Defendant is granted permission to appeal under Rule 9 of the Tennessee Rules of Appellate Procedure. (Emphasis supplied)

This Court considers the dispositive issue to be the effect of sovereign immunity upon the applicability of the "Savings Statute" to this case.

In *Automobile Sales Co. v. Johnson*, 174 Tenn. 38, 122 S.W.2d 453 (1938), suit was brought to recover gasoline tax paid under protest to the Commissioner of Finance and Taxation within 30 days after payment as required by statute. However, this suit was dismissed without prejudice and renewed more than 30 days after payment. The plaintiff insisted that the first dismissal created a second 30-day window to file suit under Code Section 8572 (now 28-1-105). After discussing numerous decisions, the Supreme Court held that the Constitution of Tennessee, Article I, Sec. 17, prohibits suits against the State except as authorized by statute. The suit was dismissed.

*Automobile Sales Company v. Johnson, supra*, also established the rule that a suit against a State official in reference to State Business is a suit against the State, and said:

> "It is a general rule that the State is not bound by the general words of a statute, which, if applied, would operate to trench on its sovereign rights, injuriously affect its capacity to perform its functions, or establish a right of action against it, unless the contrary is expressly declared or necessarily implied."

No subsequent Tennessee Authority is found to the contrary.

### IDENTITY OF ACTIONS (Res Judicata)

It is clear that only one administrative action is involved in this dispute, i.e., the denial of disability benefits to the plaintiff on January 24, 1994. Since the same claim, the same claimant, and the same agency are involved, there is sufficient identity of subject matter and parties to support the doctrine of res judicata which bars a second action on the same claim involving the same parties. *Richardson v. Tennessee Board of Dentistry*, Tenn. 1995, 913 S.W.2d 446.

It is also clear that only one order is before this Court for review at this time. The order of March 3, 1995, dismissing the first petition for judicial review, has become final without appeal, and is not before this Court for review. It is mentioned only as support for the plea of res judicata to the second petition. The second order of August 16, 1996, overruling defendant's motion to dismiss, is the order which is before this Court for review and it is reversed because the savings statute is inapplicable because of sovereign immunity. The third order, entered on November 1, 1996, is only the vehicle whereby this interlocutory appeal reached this Court, and is not before this Court for review.

The judgment of the Trial Court overruling the Commissioner's motion to dismiss is reversed, and vacated. Costs of this appeal are taxed to the plaintiff-appellee. The cause is remanded to the affected Trial Courts for further proceedings in conformity with this opinion.

### REVERSED AND REMANDED

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM B. CAIN, SPECIAL JUDGE