FILED
08/08/2019
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 18, 2019 Session

## WILLIAM L. BOONE v. TOWN OF COLLIERVILLE

**Appeal from the Chancery Court for Shelby County
No. CH-18-0304-1  Walter L. Evans, Judge**

————————————————————

### No. W2018-02005-COA-R9-CV

————————————————————

After the dismissal of his federal action, plaintiff filed a state court action alleging a violation of the Public Employee Political Freedom Act. The defendant city thereafter filed a motion to dismiss, arguing that because plaintiff's action was against a state entity, plaintiff could not rely on the saving statute, Tennessee Code Annotated section 28-1-115. The trial court denied the motion to dismiss but granted an interlocutory appeal. We granted the application for interlocutory appeal and now reverse the decision of the trial court.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Chancery Court
Reversed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and CARMA DENNIS MCGEE, JJ., joined.

Edward J. McKenney, Jr. and William Joseph Wyatt, Collierville, Tennessee, for the appellant, City of Collierville, Tennessee.

Donald A. Donati and Bradley Andrew Davis, Collierville, Tennessee, for the appellee, William L. Boone.

## OPINION

### PROCEDURAL HISTORY

On March 27, 2015, Defendant/Appellant Town of Collierville ("Collierville") terminated the employment of Plaintiff/Appellee William L. Boone. On March 25, 2016, Mr. Boone filed a complaint in federal district court against Collierville alleging a 42 U.S.C. § 1983 violation and a violation of the Public Employee Political Freedom Act

("PEPFA"). On March 15, 2017, the 1983 claim was dismissed with prejudice, and the PEPFA claim was dismissed without prejudice.

On March 5, 2018, Mr. Boone refiled his PEPFA claim in the Shelby County Chancery Court. Collierville moved to dismiss the complaint on the basis that Mr. Boone failed to file his complaint within 32 days of the dismissal pursuant to 28 U.S.C. § 1367(d). In particular, Collierville argued that Mr. Boone was not entitled to rely on the saving statute, Tennessee Code Annotated section 28-1-115, because application of the saving statute was barred by sovereign immunity. The trial court denied the motion but granted permission to seek an interlocutory appeal. This Court granted the interlocutory appeal on December 3, 2018.

## ISSUE PRESENTED

This appeal involves a single issue: whether Mr. Boone was entitled to rely on the saving statute found in Tennessee Code Annotated section 28-1-115 in refiling his PEPFA claim.

## STANDARD OF REVIEW

In this case, the trial court denied a motion to dismiss on the basis of the expiration of the statute of limitations. The trial court's decision to grant or deny a motion to dismiss for failure to state a claim is reviewed de novo with no presumption of correctness. *Cannon ex rel. Good v. Reddy*, 428 S.W.3d 795, 798 (Tenn. 2014). With regard to a motion to dismiss for failure to state a claim, we have explained:

> A Rule 12.02(6) motion tests "only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). The resolution of such a motion is therefore determined by an examination of the pleadings alone. *Id.* The court should grant the motion to dismiss only if it appears that the plaintiff cannot establish any facts in support of the claim that would warrant relief.

*Woodruff by & through Cockrell v. Walker*, 542 S.W.3d 486, 493 (Tenn. Ct. App. 2017), *perm. app. denied* (Tenn. Oct. 6, 2017).

To the extent that this case requires that we construe statutes, our review is also de novo. *Freeman v. Marco Transp. Co.*, 27 S.W.3d 909, 911–12 (Tenn. 2000) ("Issues of statutory construction are questions of law and shall be reviewed de novo without a presumption of correctness."). In construing statutes, we keep the following guidance in mind:

Our resolution of this issue is guided by the familiar rules of statutory construction. Our role is to determine legislative intent and to effectuate legislative purpose. The text of the statute is of primary importance, and the words must be given their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose. When the language of the statute is clear and unambiguous, courts look no farther to ascertain its meaning. When necessary to resolve a statutory ambiguity or conflict, courts may consider matters beyond the statutory text, including public policy, historical facts relevant to the enactment of the statute, the background and purpose of the statute, and the entire statutory scheme. However, these non-codified external sources "cannot provide a basis for departing from clear codified statutory provisions."

***Mills v. Fulmarque, Inc.***, 360 S.W.3d 362, 368 (Tenn. 2012) (citations omitted).

## DISCUSSION

Mr. Boone brought his claim against Collierville for a violation of PEPFA, Tennessee Code Annotated section 8-50-601 through -604. Section 8-50-601 provides that "[n]o public employee shall be prohibited from communicating with an elected public official for any job-related purpose whatsoever." Under section 8-50-602, it is therefore "unlawful for any public employer to discipline, threaten to discipline or otherwise discriminate against an employee because such employee exercised that employee's right to communicate with an elected public official." Tenn. Code Ann. § 8-50-602(a). At the time of the commencement of this action, PEPFA further provided that where "a public employer has disciplined, threatened to discipline or otherwise discriminated against an employee because such employee exercised the rights provided by this part, such employee shall be entitled to treble damages plus reasonable attorney fees." Tenn. Code Ann. § 8-50-603(b) (2018).[1]

Although PEPFA does not contain an internal statute of limitations, Mr. Boone concedes that a PEPFA action is governed by the one-year statute of limitations contained in Tennessee Code Annotated section 28-3-104(a). *See also **Weber v. Moses***, 938 S.W.2d 387, 393 (Tenn. 1996) (citing Tenn. Code Ann. § 28-3-104)) ("A claim for retaliatory discharge is a tort action which is governed by the general tort statute of limitations which requires that a lawsuit be 'commenced within one (1) year after the cause of action accrued . . . .'"). Here, Mr. Boone's state court complaint was undisputedly filed more than a year following the accrual of his action. As such, his claim

---

[1] Section 8-50-603(b) was amended in 2019 to change "treble" damages to "compensatory" damages. 2019 Tenn. Laws Pub. Ch. 446 (H.B. 1087) (eff. May 22, 2019).

is barred by the applicable statute of limitations unless another provision of law "saves" his claim.

In refiling his complaint within one year of the dismissal without prejudice of his federal lawsuit, Mr. Boone relies on the application of Tennessee Code Annotated section 28-1-115, a saving statute of general application. *See **Lynn v. City of Jackson***, 63 S.W.3d 332, 337 (Tenn. 2001) (describing section 28-1-115 as a "general saving[] statute"). Section 28-1-115 provides that "[n]otwithstanding any applicable statute of limitation to the contrary, any party filing an action in a federal court that is subsequently dismissed for lack of jurisdiction shall have one (1) year from the date of such dismissal to timely file such action in an appropriate state court." Collierville contends, however, that because of Collierville's sovereign immunity, this saving statute is inapplicable to Mr. Boone's claim.

"The doctrine of sovereign immunity . . . provides that suit may not be brought against the government unless the government has consented to be sued[.]" ***Sneed v. City of Red Bank, Tennessee***, 459 S.W.3d 17, 23 (Tenn. 2014) (citing Tenn. Const. art. I, § 17). Under this doctrine, "'governmental entities may prescribe the terms and conditions under which they consent to be sued, . . . including when, in what forum, and in what manner suit may be brought.'" ***Id.*** (quoting ***Cruse v. City of Columbia***, 922 S.W.2d 492, 495 (Tenn.1996)). For purposes of sovereign immunity, the State or government "includes 'the departments, commissions, boards, institutions and municipalities of the State.'" ***Davidson v. Lewis Bros. Bakery***, 227 S.W.3d 17, 19 (Tenn. 2007) (quoting ***Metro. Gov't of Nashville & Davidson County v. Allen***, 220 Tenn. 222, 415 S.W.2d 632, 635 (Tenn. 1967)).

This Court has previously noted that "sovereign immunity plays an important role when determining the application of a general saving statute to claims . . . against a State entity." ***Whitmore v. Shelby Cty. Gov't***, No. W2010-01890-COA-R3-CV, 2011 WL 3558285, at *2 (Tenn. Ct. App. Aug. 15, 2011). As such, sovereign immunity prohibits actions against the State "unless the legislature has abrogated or waived immunity." ***Id.*** "[A]ny abrogation of the immunity doctrine by the legislature must be set out in 'plain, clear, and unmistakable terms.'" ***Wells v. Tenn. Bd. of Regents***, 231 S.W.3d 912, 917 (Tenn. 2007) (quoting ***Northland Ins. Co. v. State***, 33 S.W.3d 727, 731 (Tenn. 2000). "'[G]eneral statutes do not apply to, or affect, the State, unless they expressly so provide[.]'" ***Lynn v. City of Jackson***, 63 S.W.3d 332, 337 (Tenn. 2001) (quoting ***Automobile Sales Co. v. Johnson***, 174 Tenn. 38, 49–50, 122 S.W.2d 453, 458 (1938)). Although Tennessee courts have not had the opportunity to determine whether the general saving statute contained in section 28-1-115 applies to claims under PEPFA, Tennessee courts have nearly consistently held that saving statutes of general application are inapplicable to claims against the State because "the legislature has [not] clearly and unmistakably demonstrated an intent for the saving statute to apply." ***Whitmore***, 2011 WL 3558285, at *3; *see also, e.g.,* ***Davidson v. Lewis Bros. Bakery***, 227 S.W.3d 17

- 4 -

(Tenn. 2007) (declining to apply a saving statute to a claim against a State division); *Nance v. City of Knoxville*, 883 S.W.2d 629, 631 (Tenn. Ct. App. 1994) (citing a number of Tennessee Supreme Court cases in which a saving statute was not applied to a claim against a governmental entity); *Farmer v. Tennessee Dep't of Safety*, 228 S.W.3d 96, 101 (Tenn. Ct. App. 2007) (declining to apply a general saving statute to a claim against a governmental entity); *Webster v. Tennessee Bd. of Regents*, 902 S.W.2d 412 (Tenn. Ct. App. 1995) (same).

Here, there is no dispute that PEPFA "removed sovereign immunity" under the circumstances outlined in the statute. *Pewitt v. Buford*, No. 01A01-9501-CV-00025, 1995 WL 614327, at \*8 (Tenn. Ct. App. Oct. 20, 1995). The question remains then whether this removal of immunity extends to application of a general saving statute to PEPFA claims against governmental entities. As an initial matter, there is no language in PEPFA that specifically references any saving statute. Moreover, section 28-1-115 does not contain explicit language applying its scheme to actions against the State. As such, Collierville argues that sovereign immunity does not allow for the application of the saving statute to Mr. Boone's claim.

Mr. Boone asserts, however, that this Court should not follow the general rule expressed above, but rather the precedent set in *Eason v. Memphis Light, Gas & Water Div., a Div. of City of Memphis*, 866 S.W.2d 952 (Tenn. Ct. App. 1993), to hold that the saving statute is applicable to the claim asserted in this case. In *Eason*, a former employee of Memphis Light, Gas & Water ("MLGW") brought a claim in state court against it under the Tennessee Human Rights Act ("THRA") and federal law. *Id.* at 953. The case was removed to federal court and then dismissed with prejudice. *Id.* The plaintiff thereafter filed a motion to reopen his state court action, as well as a new action against MLGW on the basis of another saving statute of general application, Tennessee Code Annotated section 28-1-105.[2] The trial court dismissed the new action and an appeal followed. *Id.*

The Court of Appeals first noted that saving statutes are remedial "and should be liberally construed in furtherance of its purpose and in order to bring cases within its spirit and fair intention." *Id.* at 953–54 (citing *Woods v. Palmer*, 496 S.W.2d 474 (Tenn. 1973)). The court also cited a prior case in which this Court held that the saving statute

---

[2] Section 28-1-105 provides, in relevant part as follows:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff . . . may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. 28-1-105(a).

did not apply to the Tennessee Governmental Tort Liability Act ("GTLA"). *Id.* at 954 (citing *Williams v. Memphis Light, Gas & Water Div.*, 773 S.W.2d 522 (Tenn. App. 1988)). The court noted, however, that the GTLA contained an internal statute of limitations. *Id.* ("One such limitation is set forth in [section] 29-20-305(b) which provides that '[t]he action must be commenced within twelve (12) months after the cause of action arises.'"). As the Court explained:

> Where a statute creates a new liability or extends a new right to bring suit and that statute provides a time period within which to bring the action, that period
>
>> operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. Time has been made the essence of the right, and that right is lost if the time is disregarded. As thus defined, the right of action is conditional. The limitation inheres in the right itself.
>
> *Automobile Sales Co. v. Johnson*, 174 Tenn. 38, 122 S.W.2d 453, 457–458 (1938).

*Eason*, 866 S.W.2d at 954 (internal quotation marks removed). The THRA, in contrast, did not at that time include an internal statute of limitations.[3] *Id.* Because the statute applicable to the plaintiff's claim did not contain an internal statute of limitations, the court held that the "unmistakable legislative intent to remove whatever immunity a governmental entity may have had" should prevail. *Id.* at 955. As such, "[i]n the absence of a limitation period in the act itself, the general statute of limitations applies and thus the savings statute, [section] 28-1-105, was applicable." *Id.* at 955–56.

Under the precedent set in *Eason*, Mr. Boone contends that this Court must likewise hold that the saving statute in section 28-1-115 is applicable because PEPFA does not contain an internal statute of limitations.[4] Collierville concedes that PEPFA does not include an internal statute of limitations, but argues that this focus is not an accurate

---

[3] The court noted that the THRA had been amended following the commencement of the action to include an internal statute of limitations. *Id.* at 954 n.1. The court, however, did not apply the amendment to the plaintiff's action in *Eason*. *Id.* at 955.

[4] Although *Eason* and the present case involve different saving statutes, the parties do not assert that this difference is material to the determination of whether *Eason* controls. Both saving statutes are statutes of general application with no express language applying the provisions therein to claims against the State. Moreover, at least one case has held that the same analysis applies to attempts to rely on either statute. *See Webster v. Tennessee Bd. of Regents*, 902 S.W.2d 412, 415 (Tenn. Ct. App. 1995) (discussed in detail, *infra*). As such, we consider cases involving both the saving statute contained in section 28-1-105 and section 28-1-115 in analyzing this issue.

statement of prevailing law. Rather, Collierville contends that subsequent cases from both this Court and the Tennessee Supreme Court mandate that the saving statute is not applicable in this situation. We agree.

As an initial matter, although *Eason* is a reported case and therefore controlling, see Tenn. R. Sup. Ct. 4(D), its precedential value is limited where another panel of this Court presented with this same scenario came to the opposite conclusion in a reported case just a year later. *See Webster v. Tennessee Bd. of Regents*, 902 S.W.2d 412 (Tenn. Ct. App. 1995).[5] In *Webster*, a former employee of a state university filed a claim for racial discrimination. *Id.* at 413. The plaintiff later nonsuited his case and refiled in federal court, alleging both a federal claim and claim under the THRA. *Id.* The federal case was later dismissed. Within one year of the original nonsuit and the federal dismissal, the plaintiff refiled his action in state court. *Id.* The trial court dismissed this action based on the expiration of the statute of limitations and the plaintiff appealed to this Court. *Id.* at 414.

Although the appeal in *Webster* occurred more than a year following the appeal in *Eason*, the same version of the THRA was applicable in both cases: the version that did not include an internal statute of limitations. *Id.* The Court of Appeals nevertheless held that the saving statute contained in Tennessee Code Annotated section 28-1-105 was inapplicable. In reaching this result, this Court first consulted the language of the saving statute at issue and noted that "[t]here is no mention of the State in the savings statute." *Id.* (citing Tenn. Code Ann. 28-1-105). The Court thereafter explained the effect of sovereign immunity on the application of the saving statute: "The State of Tennessee is immune from any lawsuit brought under state law unless the lawsuit is authorized by an act of the General Assembly. There is no statute that specifically authorizes suits to be 'saved' against the State." *Id.* at 415. In the absence of express language in either the saving statute or the THRA to allow claims thereunder "to be saved," the Court concluded that the saving statute under section 28-1-105 was simply not applicable to the plaintiff's claim under the THRA. The court further concluded that the same analysis barred application of the saving statute under section 28-1-115, the same saving statute at issue in this case. *Id.*

In our view, the holdings in *Eason* and *Webster* cannot be reconciled. Both were faced with the question of whether a saving statute of general application could be applied to save a claim under the THRA against a governmental entity. Relying on the law concerning when statutes create new rights to bring suits, the *Eason* court held that because the THRA did not contain an internal statute of limitations, both the general statute of limitations and the general saving statute were applicable. *Eason*, 866 S.W.2d at 956. Relying on the law of sovereign immunity, the *Webster* Court held that in the absence of express language indicating the General Assembly's intent to apply the saving

---

[5] Permission to appeal was denied in both *Eason* and *Webster*.

statute to the State, the saving statute is inapplicable. Another panel of this Court came to a similar conclusion with regard to another statute that authorized suit against the State without an internal statute of limitations. *See Farmer v. Tennessee Dep't of Safety*, 228 S.W.3d 96, 101 (Tenn. Ct. App. 2007) (holding the saving statute inapplicable to a claim against the State under the Tennessee Public Protection Act utilizing the reasoning applied in *Webster*).

Indeed, a multitude of cases have either cited the *Webster* rule favorably or noted a similar rule applicable in this situation. *See, e.g., Jackson v. City of Cleveland*, No. E2015-01279-COA-R3-CV, 2016 WL 4443535, at *4 (Tenn. Ct. App. Aug. 22, 2016) (noting that "general savings statutes are inapplicable to suits against the State or other governmental entities"); *Whitmore v. Shelby Cty. Gov't*, No. W2010-01890-COA-R3CV, 2011 WL 3558285, at *5 (Tenn. Ct. App. Aug. 15, 2011) (citing *Davidson v. Lewis Brothers Bakery*, 227 S.W.3d 17 (Tenn. 2007) ("We see no reason to depart from the holding of *Webster*, especially in light of more recent Tennessee Supreme Court decisions requiring a clear, unmistakable, and explicit legislative waiver of sovereign immunity.")); *Farmer*, 228 S.W.3d at 101 (applying *Webster* to hold that the saving statute was inapplicable). Some of these cases have specifically questioned the correctness of the rule set forth in *Eason*. *See generally Whitmore*, 2011 WL 3558285, at *6–*7; *Parnell v. APCOM, Inc.*, No. M2003-00178-COA-R3-CV, 2004 WL 2964723, at *4 (Tenn. Ct. App. Dec. 21, 2004) (articulating some disagreement with *Eason*).

Perhaps most importantly, the Tennessee Supreme Court has expressed favor with the rule applied in *Webster* and its progeny. Most recently, in *Sneed v. City of Red Bank, Tennessee*, 459 S.W.3d 17 (Tenn. 2014), the Tennessee Supreme Court was faced with a dispute over whether jury trials were authorized under the THRA. In resolving this dispute, the Tennessee Supreme Court noted that Tennessee law includes "a long line of Tennessee decisions, which have held that general saving statutes do not apply to suits against the State or other governmental entities unless the statute waiving sovereign immunity expressly permits their application." *Id.* at 28 (citing the cases noted *supra*). Among these cases was, of course, the decision in *Webster*.[6] *Id.* As such, our supreme court noted that prevailing law in saving statute cases "instruct[s] that, where a statute authorizing a suit against the State or another governmental entity includes, or is subject to, a statute of limitations, the Legislature has consented to the waiver of immunity for that statutory period alone and no longer time." *Id.* at 29.

The Tennessee Supreme Court came to the same conclusion in *Davidson v. Lewis Bros. Bakery*, 227 S.W.3d 17 (Tenn. 2007). In *Davidson*, an employee filed a complaint against both his employer and the Second Injury Fund ("the Fund"). Plaintiff nonsuited his action and then refiled, ultimately obtaining a judgment in his favor against both the private employer and the Fund. On appeal, the Fund, a governmental entity, argued that

---

[6] In contrast, the *Eason* decision was not cited for this proposition.

the refiled case was barred by the applicable statute of limitations, as the saving statute did not apply to the employee's claim on the basis of sovereign immunity. *Id.* at 19–20. The Tennessee Supreme Court agreed, first noting the general rule that the court "will not find a waiver of the State's sovereign immunity 'unless there is a statute clearly and unmistakably disclosing an intent upon the part of the Legislature to permit such litigation.'" *Id.* at 19 (citing ***Scates v. Bd. of Comm'rs of Union City***, 196 Tenn. 274, 265 S.W.2d 563, 565 (Tenn. 1954)). Applying this rule to the case at hand, the court concluded "that section 28-1-105(a) does not 'save' a claim against the Fund" beyond the expiration of the statute of limitations "[b]ecause the savings statute does not contain the waiver of sovereign immunity necessary to support a suit against the State[.]" *Id.* at 20. In support, the court cited a number of consistent opinions, including ***Webster***. *See id.* (citing ***Lynn***, 63 S.W.3d at 337; ***Roettger v. Metro. Gov't of Nashville & Davidson County***, 991 S.W.2d 244, 245 (Tenn. Workers Comp. Panel 1999)); ***Webster***, 902 S.W.2d at 414).

Mr. Boone's brief does not discuss the ***Webster*** case or Collierville's argument that ***Webster's*** holding is most consistent with prevailing law on this topic. Unlike the ***Webster*** case, which has been cited favorably on a number of occasions on this exact topic, no case has followed the holding in ***Eason*** to hold that a saving statute was applicable to the State simply because the statute authorizing the claim against the State lacked an internal statute of limitations. Indeed, Mr. Boone has cited no case following the decision in ***Eason*** that applied a saving statute to a claim against a governmental entity, employing the reasoning in ***Eason*** or otherwise.

In the absence of argument to the contrary, we must agree with Collierville that ***Webster*** represents the appropriate lens through which to view this case. Tennessee law requires a "clear[] and unmistakabl[e]" intent to waive the State's sovereign immunity for purposes of applying a general saving statute. ***Davidson***, 227 S.W.3d at 19. Likewise, a saving statute cannot apply to a claim against the State "where a statute authorizing a suit against the State or another governmental entity includes, or is subject to, a statute of limitations[.]" ***Sneed***, 459 S.W.3d at 29. Although PEPFA does not "include[]" a statute of limitations, it "is subject to" the statute of limitations in Tennessee Code Annotated section 28-3-104(a). *See* ***Weber v. Moses***, 938 S.W.2d at 393; *c.f.* ***State v. Sherman***, No. E2006-01226-CCA-R3-CD, 2007 WL 2011032, at *3 (Tenn. Crim. App. July 12, 2007), *aff'd*, 266 S.W.3d 395 (Tenn. 2008) ("A judicial decision that interprets existing statutory language invites an understanding that the language had always conveyed the newly elucidated meaning, despite that no one had previously recognized it."). Moreover, as repeatedly stated by Tennessee courts, section 28-1-115 does not contain a "clear[] and unmistakabl[e]" intent to apply its saving scheme to the State in derogation of sovereign immunity. *See, e.g.,* ***Baxter v. State***, No. W2015-00078-COA-R3-CV, 2015 WL 9946302, at *3 (Tenn. Ct. App. Aug. 10, 2015) ("Our courts, however, have uniformly held that the saving provision of Tennessee Code Annotated section 28-1-115 may not be used to 'extend the period' within which an action must be filed against a governmental

entity."); ***Gore v. Tennessee Dep't of Correction***, 132 S.W.3d 369, 379 (Tenn. Ct. App. 2003) ("Tennessee Code Annotated sections 28-1-105 and 28-1-115 do not specifically state that they are applicable to the sovereign State of Tennessee. These statutes have been held to be in derogation of sovereign immunity and [are] not effective to toll any statute of limitations as to the State of Tennessee.").

Mr. Boone seeks to avoid the application of this law by resorting to discussion of the legislative history surrounding the enactment of PEPFA. As explained by our supreme court, however, "[a] 'waiver of sovereign immunity must be explicit, not implicit.'" ***Smith v. Tennessee Nat'l Guard***, 551 S.W.3d 702, 709 (Tenn.), *cert. denied sub nom.* ***Smith v. Tennessee Nat. Guard***, 139 S. Ct. 354, 202 L. Ed. 2d 226 (2018) (quoting ***Colonial Pipeline Co. v. Morgan***, 263 S.W.3d 827, 853 (Tenn. 2008)). "In other words, statutes waiving sovereign immunity must 'clearly and unmistakably' express the General Assembly's intent to permit claims against the State." ***Id.*** (citing ***Davidson***, 227 S.W.3d at 19). As such, we focus solely on "the actual words chosen and enacted by the legislature[,]" rather than a legislative intent derived from the legislative history. ***Id.*** (citing ***Mullins v. State***, 320 S.W.3d 273, 278 (Tenn. 2010)).

In sum, the weight of authority from both this Court and the Tennessee Supreme Court indicate that a saving statute will not apply to a claim against a governmental entity unless a statute "clearly and unmistakably" expresses the General Assembly's intent to permit the claim against the State. In this case, nothing in section 28-1-115 or PEPFA explicitly evinces this intent. Moreover, the General Assembly's choice not to include an internal statute of limitations within PEPFA does not meet the explicit or unmistakable standard necessary to find a waiver of sovereign immunity. As such, the trial court erred in applying the section 28-1-115 saving statute to Mr. Boone's claim. In the absence of a saving statute, there is no dispute that Mr. Boone's claim is time-barred.

## CONCLUSION

The judgment of the Shelby County Chancery Court is reversed and this matter is remanded to the trial court for the entry of an order of dismissal. Costs of this appeal are assessed to Appellee William L. Boone, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

- 10 -