Anthony **WEBSTER**, **Plaintiff/Appellant**,

v.

**TENNESSEE BOARD OF REGENTS,**
**et al., Defendants/Appellees.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

March 3, 1995.

Permission to Appeal Denied by
Supreme Court May 30, 1995.

The facts out of which this matter arose are as follows. Plaintiff Anthony Webster began employment with the defendants in August 1990 as the Director of Finance and Accounting at Tennessee State University. He was paid an annual salary of approximately $54,000.00. He alleged in his complaint that he was, at all times, able and capable of performing his job and that he did perform his tasks professionally and competently.

On or about 3 September 1991, plaintiff was notified by defendant Henry Harkleroad that plaintiff was to be terminated effective 30 September. Plaintiff last performed services for Tennessee State University on 30 September 1991.

On 28 September 1992 plaintiff filed a complaint[1] in the Chancery Court for Davidson County against the defendants, Tennessee Board of Regents, Tennessee State University, James Hefner, and Henry Clay Harkleroad, alleging employment discrimination. He alleged in his complaint that he was discharged from his position because of his African–American race.

On 16 October 1992 plaintiff nonsuited his action in the Chancery Court[2]. On 7 December 1992 plaintiff filed suit in the United States District Court against the defendants, alleging employment discrimination[3]. Plaintiff alleged both a federal cause of action and a violation of the Tennessee Human Rights Act, as a pendent state law claim.

On 19 April 1993 Judge Thomas Wiseman of the United States District Court dismissed plaintiff's action and granted defendants' Motion to Dismiss and/or for Summary Judgement pursuant to Federal Rule of Civil Procedure 12(b)(6).

On 14 October 1993 plaintiff filed the instant suit, alleging employment discrimination based on race.

Brian O. Bowhan, Morrow, Bowhan & Associates, Nashville, for plaintiff/appellant.

Charles W. Burson, Atty. Gen. and Reporter, Russell T. Perkins, Asst. Atty. Gen., Civ. Litigation and State Services Div., Nashville, for defendants/appellees.

## OPINION

LEWIS, Judge.

This case presents an appeal by plaintiff/appellant, Anthony Webster, from the Chancery Court's dismissal of his complaint on the ground that "the suit is barred by the applicable statute of limitations."

---

1. This complaint was not included in the technical record on appeal; however, it was referenced to in other papers filed in the trial court and included in the technical record on appeal.

2. The order of nonsuit was not included in the technical record on appeal, but was referred to in other documents included in the technical record.

3. The papers filed in the federal action were not included in the technical record on appeal, but were referenced to in documents included in the technical record.

On 1 November 1993 defendants moved to dismiss plaintiff's complaint, based upon the one year statute of limitations. On 16 February 1994 the trial court dismissed plaintiff's suit and found that it was "barred by the applicable statute of limitations." From the order dismissing his suit, plaintiff duly perfected this appeal.

■ Plaintiff presents three issues on appeal. The first issue is: "When does a statute of limitations begin to run where an employee is given notice of his pending discharge but continues to perform non-gratuitous services until the final day of work pursuant to said notice."

The parties agree that the statute of limitations governing the first lawsuit filed by plaintiff is Tennessee Code Annotated section 28–3–104(a), which provides for a one year statute of limitations for tort actions.

In 1992 Tennessee Code Annotated section 4–21–311 was amended to apply the one year statute of limitations to cases filed pursuant to the Tennessee Human Rights Act. At the time the plaintiff's cause of action arose, however, it was governed by Tennessee Code Annotated section 28–3–104(a), the one year statute of limitations for tort actions.

Plaintiff was given notice on 2 September 1991 that he would be terminated from his employment, effective 30 September 1991, the day on which his contract for services ended. Plaintiff continued to work until 30 September 1991.

It is the defendants' insistence that the plaintiff's initial suit, filed on 28 September 1992, was filed after the statute had run. Defendants insist that the plaintiff's cause of action accrued when he received notice of the decision to terminate him on 3 September 1991. The original lawsuit was filed in the Chancery Court on 28 September 1992, more than one year after plaintiff received notice of his termination.

In *Delaware State College v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431, 439–40 (1980), the United States Supreme Court held: "the only alleged discrimination occurred—and the filing limitations periods therefore commenced—at the time the tenure decision was made and communicated to [plaintiff]." The Supreme Court further opined: "Mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." *Id.*

The defendants insist that if there was any discrimination based on race, it occurred at the time the plaintiff received notice of the decision to terminate plaintiff on 3 September 1991, at the latest.

We agree that the original complaint was barred by the statute of limitations, and for that reason, the Chancellor's judgment dismissing plaintiff's complaint was correct.

■ Plaintiff's second issue is: "Whether the savings statute applies to the State of Tennessee when it acts as an employer and is being sued pursuant to the Tennessee Human Rights Act."

We are of the opinion that sovereign immunity bars application of Tennessee Code Annotated section 28–1–105 to actions against the State.

Tennessee Code Annotated section 28–1–105, in pertinent part, is as follows:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff ... may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn.Code Ann. § 28–1–105 (Supp.1994).

There is no mention of the State in the savings statute. This court in *Brown v. State*, 783 S.W.2d 567 (Tenn.App.1989), held that the application of the savings statute did not extend to claims against the State because the State had not waived sovereign immunity under the statute. *Id* at 571, 572. The instant lawsuit was properly dismissed by the trial court because it was not filed within one year of the accrual of the claim and further because the savings statute does not apply.

The Constitution of Tennessee, Article I, Section 17 provides: "Suits may be brought against the State in such manner and in such courts as the legislature may by law direct." This provision has been interpreted to provide that suits against the State of Tennessee can only be brought in strict compliance with an enabling statute. *Chumbley v. State,* 183 Tenn. 467, 470, 192 S.W.2d 1007, 1008 (1946); *Stokes v. University of Tennessee,* 737 S.W.2d 545, 546 (Tenn.App.1987), *cert. denied,* 485 U.S. 935, 108 S.Ct. 1110, 99 L.Ed.2d 271 (1988); *Woolsey v. Hunt,* 932 F.2d 555, 564 (6th Cir.), *cert. denied,* 502 U.S. 867, 112 S.Ct. 195, 116 L.Ed.2d 155 (1991).

■ The State of Tennessee is immune from any lawsuit brought under state law unless the lawsuit is authorized by an act of the General Assembly. There is no statute that specifically authorizes suits to be "saved" against the State.

"The rule of sovereign immunity in Tennessee is both constitutional and statutory. It is not within the power of the courts to amend it." *Jones v. The L & N R.R.,* 617 S.W.2d 164, 170 (Tenn.App.1981).

Plaintiff's third issue is: "Whether T.C.A. 28–1–115 applies to this action."

This is an alternative argument of plaintiff in which he maintains that Tennessee Code Annotated section 28–1–115 should save the instant action. This statute does not apply against the State of Tennessee for the reasons that Tennessee Code Annotated section 28–1–105 does not apply against the State. The State is immune from suit except when it consents to be sued.

We have considered each of the plaintiff's arguments and find them to be without merit.

It therefore results that the judgment of the trial court is affirmed in all respects, and the cause is remanded to the trial court for the implementation of its judgment. Costs on appeal are assessed to the plaintiff/appellant, Anthony Webster.

TODD, P.J., and CANTRELL, J., concur.