# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

_____

**BLAKE WEBER,**

　　　Plaintiff-Appellant,

Vs.

**JACK MOSES, Individually
and JEFFERSON PILOT LIFE
INS. CO.,**

　　　Defendants-Appellees.

Shelby Chancery No. 103274-3
C.A. No. 02A01-9407-CH-00173

## FILED

**January 17, 1996**

**Cecil Crowson, Jr.**
Appellate Court Clerk

**DISSENTING OPINION**

_____

*CRAWFORD, J.*

　　　I must respectfully dissent. Plaintiff was employed as defendant's sales manager pursuant to a written contract which, with respect to termination, provides:

> (a) This contract may be terminated on written notice by either party, or at any time in the event the sales manager becomes disabled as determined by the company. Disability for this purpose is the inability of the sales manager due to sickness or injury to perform all of the duties of the sales manager as described in the contract. This contract shall terminate immediately upon the death of the sales manager, upon discontinuance of the company's operation, either by withdrawal or otherwise, and the territory assigned to the sales manager, or by mutual consent of the parties in writing, and shall, in any case, terminate on the effective date of the sales manager's retirement.

　　　Weber was verbally informed on August 5, 1992, that his sales manager contract would be terminated at the end of August, 1992. Weber was unsuccessful in his efforts to persuade the defendants to change the termination decision, and he subsequently received written notification of his termination after August 31, 1992. The majority, relying upon the decision of the Middle Section of this Court in *Webster v. Tennessee Bd. of Regents*, 902 S.W.2d 412 (Tenn. App. 1995) affirmed the dismissal of Weber's suit which was filed on August 31, 1993; the filing was within one year of August 31, 1992, the date Weber's employment terminated. I have no quarrel with the holding in *Webster* that the cause of action accrues on the date notice of termination is received. In *Webster* there was no specific definition of what constitutes notice. However, in

the case at bar the parties agreed by contract that notice meant written notice. Under this contractual agreement, it is my opinion that until written notice was given there was no notice as required by the contract. Certainly Weber was informed and had knowledge that the defendant intended to terminate his employment as of August 31, 1992, but there was no notice to that effect. Apparently, on August 31, 1992, Weber acquiesced in his termination and later received written notification of his termination, perhaps as an effort on the part of defendant to comply with the contract. Suit was filed within one year of the agreed termination date of August 31, 1992, and within one year from the date of written notice of termination as required by the contract.

Under these circumstances, suit was filed within one year from the date of the accrual of the cause of action, and the order of the trial court dismissing the case as barred by the statute of limitations should be reversed.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**