Charles Wayne DAVIDSON

v.

**LEWIS BROTHERS BAKERY, et al.**

Supreme Court of Tennessee,
at Nashville.

June 28, 2007.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael E. Moore, Solicitor General; and Lauren S. Lamberth, Assistant Attorney General, for the appellant, The Second Injury Fund.

William Joseph Butler and E. Guy Holliman, Lafayette, Tennessee, for the appellee, Charles Wayne Davidson.

## OPINION

CORNELIA A. CLARK, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and JANICE M. HOLDER and GARY R. WADE, JJ., joined.

Before a Special Workers' Compensation Appeals Panel heard this case, we granted review to determine whether Tennessee Code Annotated section 28–1–105(a) (2000), the "savings statute," allows an employee's voluntarily non-suited claim for workers' compensation benefits against the Second Injury Fund to remain viable when the employee re-files the claim after the applicable statute of limitations has run. We hold that section 28–1–105(a) does not "save" such a claim. In this case, we modify the trial court's order to remove the Second Injury Fund's liability to pay benefits and discretionary costs to Charles Wayne Davidson and dismiss the Second Injury Fund from the case.

## FACTS & PROCEDURAL HISTORY

On January 6, 2001, Charles Wayne Davidson ("Employee") injured his right shoulder while emptying a barrel of rejected baked goods at Lewis Brothers Bakery ("Employer") in Murfreesboro. Prior to this incident, Employee had experienced work-related injuries to both of his hands and had developed bilateral carpel tunnel syndrome. For these workplace injuries Employee received workers' compensation benefits from Employer based on a cumulative 45.6% permanent partial disability rating to his body as a whole. In addition, Employee suffered from numerous non-work-related health problems, including asthma, diabetes, heart disease, neuropathy, and a peptic ulcer.

On August 22, 2001, Employee filed in Rutherford County Chancery Court an initial complaint for workers' compensation benefits related to the January 6, 2001, shoulder injury. Employee named both Employer and the Second Injury Fund ("Fund") as defendants. After a period of discovery, Employee took a voluntary non-suit as to both defendants on April 28, 2004.

On December 22, 2004, Employee filed a second complaint against Employer and the Fund in Jackson County Criminal Court. The second complaint alleged, inter alia, that Employee had injured his shoulder within the course and scope of his employment in January 2001, had filed an initial complaint on August 22, 2001, and had voluntarily non-suited that action on April 28, 2004.

On March 8, 2005, Employer answered, denying that Employee was due any new benefits. On March 15, 2005, the Fund answered, asserting that it was not liable to Employee because the one-year statute of limitation had expired pursuant to Tennessee Code Annotated section 50–6–203(b)(1) (1999). Further, the Fund ar-

gued in a pre-trial brief that Tennessee Code Annotated section 28–1–105(a), the "savings statute," did not allow Employee to re-file his claim against the Fund because that statute did not waive the Fund's sovereign immunity.

The case came to trial on May 17, 2006. When considered in light of his past workplace injuries and his other health problems, Employee contended that his January 6, 2001, shoulder injury had resulted in his permanent and total disability, *see* Tenn.Code Ann. § 50–6–208(a)(1) (1999), qualifying him for benefits from both Employer and the Fund. The trial court agreed, ordering Employer to pay 64.4% and the Fund to pay 35.6% of $245,282.27 in benefits and $5,067.74 in discretionary costs.

Both Employer and the Fund appealed. On December 20, 2006, Employer finalized a settlement with Employee, leaving only the Fund as a party to this appeal. Before a Special Workers' Compensation Appeals Panel heard or decided this case, we granted the Fund's appeal to determine whether the savings statute allows an employee's voluntarily non-suited claim for benefits against the Fund to remain viable when the employee re-files the claim after the statute of limitations has run.

## DISCUSSION

### Standard of Review

 In a workers' compensation case, "[r]eview of the trial court's findings of fact shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn.Code Ann. § 50–6–225(e)(2) (Supp.2006). We review questions of law, including issues of statutory construction, de novo without a presumption of correctness. *Perrin v. Gaylord*

*Entm't Co.,* 120 S.W.3d 823, 826 (Tenn. 2003); *Corum v. Holston Health & Rehab. Ctr.,* 104 S.W.3d 451, 453 (Tenn.2003).

### Analysis

 No party may bring a suit against "the State" except "in such manner and in such courts as the Legislature may by law direct." Tenn. Const. art. I, § 17; *accord N. British & Mercantile Co. v. Craig,* 106 Tenn. 621, 62 S.W. 155, 157 (Tenn.1901). "[T]he State" includes "the departments, commissions, boards, institutions and municipalities of the State." *Metro. Gov't of Nashville & Davidson County v. Allen,* 220 Tenn. 222, 415 S.W.2d 632, 635 (Tenn.1967). We will not find a waiver of the State's sovereign immunity "unless there is a statute clearly and unmistakably disclosing an intent upon the part of the Legislature to permit such litigation." *Scates v. Bd. of Comm'rs of Union City,* 196 Tenn. 274, 265 S.W.2d 563, 565 (Tenn.1954).

 Supported by revenue generated from a tax on workers' compensation insurance premiums and situated within the Tennessee Department of Labor and Workforce Development, the Fund provides benefits over and above those available from an employer to those injured workers who are permanently and totally disabled. *See* Tenn.Code Ann. §§ 50–6–102(1), –206(a)(1),–208(a)(1), –401(b)–(c) (2005 & Supp.2006). As an administrative unit of a Tennessee executive branch department, the Fund enjoys sovereign immunity. *U.S. Pipe & Foundry Co. v. Johnson,* 927 F.2d 296, 299 (6th Cir.1991). Within the Workers' Compensation Act, the General Assembly has waived the Fund's immunity to suit. *See* Tenn.Code Ann. § 50–6–206(a)(1) ("the [workers' compensation] administrator shall be made a party defendant to ... proceedings in an action filed by either [an] employer or [an]

injured employee" who seeks compensation from the Fund). Nevertheless, in cases where the employer has not paid workers' compensation benefits, the Act bars any claim for benefits, including against the Fund, one year after an employee's workplace injury. *Id.* § 50-6-203(b)(1).

If an employee initiates a workers' compensation claim in a trial court within the one-year statute of limitations, then the claimant may generally take a voluntary non-suit on her claim at any time before trial begins. Tenn. R. Civ. P. 41.01(1). If the claimant later wants to restart her suit, the "savings statute" allows her to do so: "[i]f [a] ... judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action ... the plaintiff ... may ... commence a new action within one (1) year...." Tenn.Code Ann. § 28-1-105(a) (2000). Should the claimant voluntarily non-suit a claim against a unit of the State's government, however, the principles of sovereign immunity and waiver thereof discussed above remain operable. Because the savings statute does not contain the waiver of sovereign immunity necessary to support a suit against the State, we hold that section 28-1-105(a) does not "save" a claim against the Fund when the applicable statute of limitations has otherwise run. This outcome is consistent with related Tennessee appellate decisions. *See, e.g., Lynn v. City of Jackson,* 63 S.W.3d 332, 337 (Tenn.2001) (a litigant may not rely on Tennessee Code Annotated section 28-1-115, which "saves" for one year a case for filing in state court after a

federal court has dismissed it for a lack of jurisdiction, to extend the state Government Tort Liability Act (GLTA)'s one-year statute of limitations, because the GLTA contains no waiver of the State's sovereign immunity); *Roettger v. Metro. Gov't of Nashville & Davidson County,* 991 S.W.2d 244, 245 (Tenn.Workers Comp.Panel 1999) (a municipality that voluntarily accepts the operation of the Workers' Compensation Act on itself does not, by implication, accept an extension of the Act's statute of limitations via the savings statute's operation); [1] *Webster v. Tenn. Bd. of Regents,* 902 S.W.2d 412, 414 (Tenn.Ct.App.1995) (because the General Assembly did not waive the State's sovereign immunity in the savings statute, a plaintiff could not maintain a wrongful termination suit against the State that was not brought within the applicable statute of limitations).

In this case, Employee began his first suit against Employer and the Fund on August 22, 2001, and voluntarily non-suited it on April 28, 2004. Therefore, we agree with the Fund that the Workers' Compensation Act's one-year statute of limitations barred Employee's December 22, 2004 suit against it. Because the statute of limitations ran on Employee's claim against the Fund in January 2002 and the claim could not be "saved," the trial court should have dismissed the Fund from Employee's December 22, 2004 suit.

### CONCLUSION

Employee's claim against the Fund is now barred. We modify the trial court's

---

1. In recent dicta, we read *Roettger* to imply that section 28-1-105(a) could not "save" a workers' compensation suit against a State entity because the savings statute is not a provision of the Workers' Compensation Act, the statutory context in which the General Assembly has waived the State's sovereign immunity in certain circumstances. Had the General Assembly included a savings statute within the Act, we suggested, our analysis might change. *Lanius v. Nashville Elec. Serv.,* 181 S.W.3d 661, 664 (Tenn.2005). Our holding in this case is congruent with our observations in *Lanius.*

order to remove the Fund's liability to pay benefits and discretionary costs to Employee and dismiss the Fund from this case. We tax the costs of this appeal to the appellee, Charles Wayne Davidson, for which execution may issue, if necessary.