# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### July 20, 2011 Session

## MONICA WHITMORE v. SHELBY COUNTY GOVERNMENT

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-003608-09      Karen R. Williams, Judge**

---

**No. W2010-01890-COA-R3-CV - Filed August 15, 2011**

---

The trial court granted the defendant, Shelby County Government, judgment on the pleadings as to multiple causes of action brought by a former county employee. The trial court found, *inter alia*, the one-year statute of limitations of the Tennessee Governmental Tort Liability Act ("GTLA") barred the plaintiff's claim. Applying well-settled law, the court concluded the general saving statute does not apply to a claim non-suited and re-filed against a governmental entity under the GTLA. Although the trial court failed to address whether a different conclusion might apply to causes of action arising under the Tennessee Human Rights Act ("THRA"), we hold the saving statute does not "save" a claim non-suited and re-filed against a State entity under the THRA. The trial court therefore properly concluded the plaintiff's suit was time-barred. Because the trial court reviewed matters outside of the pleadings when deciding the defendant's motion, we grant summary judgment in favor of the defendant.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Maureen T. Holland, Memphis, Tennessee, Tennessee, for the appellant, Monica Whitmore.

Dedrick Brittenum, Assistant County Attorney and Pablo Adrian Varela, Assistant County Attorney, Memphis, Tennessee, for the appellee, Shelby County Government.

**OPINION**

**I. Background and Procedural History**

The plaintiff/appellant, Monica Whitmore ("Plaintiff"), filed her first complaint against the defendant/appellee, Shelby County Government (the "County"), in March 2004. Plaintiff's complaint alleged several causes of action arising during her employment with the County from 2002-2003, including violation of workers' compensation laws, violation of the THRA, violation of her medical privacy rights, and retaliation. For reasons which are in dispute, the trial court proceeded to trial on Plaintiff's workers' compensation action only and on January 9, 2009, entered judgment in favor of Plaintiff. On April 15, 2009, Plaintiff filed a notice with the court voluntarily dismissing "any and all claims" alleged in her original complaint "except for her claim for workers' compensation benefits." The trial court entered an order that same day approving dismissal without prejudice of "all of Plaintiff's claims alleged in her original Complaint . . . other than her claims for workers' compensation benefits." On June 30, 2009, Plaintiff re-filed causes of action for violation of her medical privacy rights, violation of the THRA, and retaliation. Litigation ensued.

In October 2009, the County moved for judgment on the pleadings. According to the County, Plaintiff's attorney had previously abandoned the causes of action for violation of the THRA, violation of Plaintiff's medical privacy rights, and retaliation at a 2007 motion hearing. The County further submitted that, even if the court treated the 2007 abandonment as a voluntarily dismissal, Plaintiff failed to re-file her claim within one year of dismissal as Tennessee Code Annotated section 28-1-105(a) requires. The trial court granted the County's motion for judgment on the pleadings, concluding in part that "[s]ince the present claims are governed by the Tennessee Governmental Tort Liability Act the savings statute is not applicable and the re-filed claims in this cause were filed beyond the one-year statute of limitations."[1] Plaintiff timely appealed.

**II. Issue Presented**

The dispositive issue on appeal is whether the causes of action set forth in Plaintiff's

_____

[1] The County did not present this precise issue in either its motion for judgment on the pleadings or its supporting memorandum. Plaintiff, however, does not argue that the County failed to present the issue before the trial court, that the trial court improperly reached the issue, or that this Court should not consider the issue on appeal. Instead, Plaintiff contends the trial court erred when it concluded the GTLA governed her claim and further argues the saving statute applies to claims re-filed against a State entity under the THRA.

2009 complaint are time-barred. All other issues are pretermitted.[2]

### III. Standard of Review

The trial court granted judgment in favor of the County after reviewing its motion, the arguments of counsel, the case jackets from CT-003608-09 and CT-001807-04, the transcripts filed in both cases, and the ruling letters the court issued in the 2004 case. As the parties correctly state in their appellate briefs, a trial court's consideration of matters outside of the pleadings converts a Rule 12.03 motion for judgment on the pleadings to a Rule 56 motion for summary judgment. *Patton v. Estate of Upchurch*, 242 S.W.3d 781, 786 (Tenn. Ct. App. 2007); *Souder v. Health Partners, Inc.*, 997 S.W.2d 140, 144 (Tenn. Ct. App. 1998) (citation omitted). Matters outside of the pleadings include but are not limited to "affidavits, judgments and transcripts from a prior cause of action, and correspondence between the parties." *Patton*, 242 S.W.3d at 786. Because the trial court considered matters outside of the pleadings in this case, we must apply the standard of review applicable to summary judgment motions.

Rule 56 of the Tennessee Rules of Civil Procedure provides that a moving party is entitled to summary judgment if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The grant of summary judgment is appropriate only if "the evidence and the inferences reasonably drawn from the evidence permit reasonable persons to reach only one conclusion—that the moving party is entitled to a judgment as a matter of law." *CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73, 82 (Tenn. 2010) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 801 (Tenn. 2010); *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009)). Because the grant or denial of a motion for summary judgment is a

---

[2]We need not address additional issues presented in the parties' briefs. We nonetheless note "[t]he law is clear that statements of fact made in or attached to pleadings, briefs, and oral arguments are not evidence and may not be considered by an appellate court unless they are properly made part of the record." *Threadgill v. Bd. of Prof'l Responsibility of Supreme Court*, 299 S.W.3d 792, 812 (Tenn. 2009) (citations omitted). Likewise, "[s]imply attaching a document to an appellate filing will not serve to place it in the record on appeal, especially when it was not part of the record of the trial court proceedings." *In re Bernard T.*, 319 S.W.3d 586, 591 n.3 (Tenn. 2010) (citing *UT Med. Group, Inc. v. Vogt*, 235 S.W.3d 110, 122 (Tenn. 2007); *Vintage Health Res., Inc. v. Guiangan*, 309 S.W.3d 448, 460 n. 13 (Tenn. Ct. App. 2009)). Although appellate courts may take judicial notice of evidentiary matters in "proper circumstances," *id.* n.3 (citing *State v. Lawson*, 291 S.W.3d 864, 869 (Tenn. 2009)), "we customarily decline to take judicial notice of materials that are not properly included in the record on appeal," *id.* n.3. (citing *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 713 n.6 (Tenn. 2003)). Evidentiary materials found only in the appendices of the parties' briefs are not before this Court and will not be considered.

question of law, our standard of review is *de novo* with no presumption of correctness. *Kinsler*, 320 S.W.3d at 799 (citing *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). "On appeal, we must freshly determine whether the requirements of Tenn. R. Civ. P. 56 have been met." *Hunter v. Brown*, 955 S.W.2d 49, 50–51 (Tenn. 1997) (citing *Gonzales v. Alman Constr. Co.*, 857 S.W.2d 42, 44–45 (Tenn. Ct. App. 1993)). "In doing so, we must consider the pleadings and the evidentiary materials in the light most favorable to the movant's opponent, and we must draw all reasonable inferences in the opponent's favor." *Brown*, 955 S.W.2d at 51 (citing *Byrd v. Hall*, 847 S.W.2d 208, 210–11 (Tenn. 1993).

## IV. Analysis

The doctrine of sovereign immunity plays an important role when determining the application of a general saving statute to claims non-suited and re-filed against a State entity. The doctrine of sovereign immunity provides that the State of Tennessee, as a sovereign, cannot be sued unless it consents to be sued. *Mullins v. State*, 320 S.W.3d 273, 278 (Tenn. 2010) (citing *Stewart v. State*, 33 S.W.3d 785, 790 (Tenn. 2000)); *accord Sanders v. Traver*, 109 S.W.3d 282, 284 (Tenn. 2003) (citing *Cruse v. City of Columbia*, 922 S.W.2d 492, 495 (Tenn. 1996)). "The rule of sovereignty is both constitutional and statutory." *Mullins*, 320 S.W.3d at 278; *accord Wells v. Tenn. Bd. of Regents*, 231 S.W.3d 912, 916 (Tenn. 2007) (citing *Jones v. L & N R.R. Co.*, 617 S.W.2d 164,170 (Tenn. Ct. App. 1981). Article 1, section 17 of the Tennessee Constitution provides "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Tenn. Const. art. I, § 17; *accord Davidson v. Lewis Bros. Bakery*, 227 S.W.3d 17, 19 (Tenn. 2007) (quoting Tenn. Const. art. I, § 17) (citing *N. British & Mercantile Co. v. Craig*, 62 S.W. 155, 157 (Tenn. 1901)). Tennessee Code Annotated section 20-13-102(a) similarly provides:

> [n]o court in the state shall have any power, jurisdiction or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds or property, and all such suits shall be dismissed as to the state . . . .

Tenn. Code Ann. § 20-13-102(a) (2009). Our supreme court has held "the State" includes "'the departments, commissions, boards, institutions and municipalities of the State.'" *Davidson*, 227 S.W.3d at 19 (quoting *Metro. Gov't of Nashville & Davidson Cnty. v. Allen*, 415 S.W.2d 632, 635 (Tenn. 1967)).

The doctrine of sovereign immunity generally prohibits suits against the State unless the legislature has abrogated or waived immunity. "[A]ny abrogation of the immunity doctrine by the legislature must be set out in 'plain, clear, and unmistakable terms.'" *Well*s,

231 S.W.3d at 917 (quoting *Northland Ins. Co. v. State*, 33 S.W.3d 727, 731 (Tenn. 2000); *accord Scates v. Bd. of Comm'rs of Union City*, 265 S.W.2d 563, 565 (Tenn. 1954). Courts "will not find a waiver of the State's sovereign immunity 'unless there is a statute clearly and unmistakably disclosing an intent upon the part of the Legislature to permit such litigation.'" *Davidson*, 227 S.W.3d at 19 (quoting *Scates*, 265 S.W.2d at 565). And Courts will not find an implicit waiver of sovereign immunity; any waiver must be explicit. *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 853 (Tenn. 2008) (citing *Auto. Sales Co. v. Johnson*, 122 S.W.2d 453, 456 (Tenn. 1938)).

Tennessee courts have on several occasions held that a general saving statute does not apply to claims non-suited and re-filed against the State unless the legislature has clearly and unmistakably demonstrated an intent for the saving statute to apply. *E.g., Davidson v. Lewis Brothers Bakery*, 227 S.W.3d 17, 20 (Tenn. 2007) (holding the general saving statute of Tennessee Code Annotated section 28-1-105(a) did not apply to a workers' compensation claim non-suited and re-filed against the Second Injury Fund); *Farmer v. Tenn. Dept. of Safety*, 228 S.W.3d 96, 101 (Tenn. Ct. App. 2007) (holding neither the general saving statute of Tennessee Code Annotated section 28-1-115 nor the general saving statute of Tennessee Code Annotated section 28-1-105(a) applied to a claim re-filed against a governmental entity under the Tennessee Public Protection Act); *Webster v. Tenn. Bd. of Regents*, 902 S.W.2d 412, 414 (Tenn. Ct. App. 1995) (holding neither the general saving statute of Tennessee Code Annotated section 28-1-115 nor the general saving statute of Tennessee Code Annotated section 28-1-105(a) applied to a claim re-filed against the State under the THRA). Claims non-suited and re-filed under the GTLA are no exception.

The GTLA, which the trial court determined governs the present dispute, reaffirms the doctrine of sovereign immunity. *Lynn v. City of Jackson*, 63 S.W.3d 332, 337 (Tenn. 2001) (citing Tenn. Code Ann. § 29-20-201(a); *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 14 (Tenn. 1997)). The GTLA retains governmental immunity from suits arising out of the exercise and discharge of a State entity's functions, whether governmental or proprietary, except as otherwise provided in the Act. Tenn. Code Ann. § 29-20-201(a) (Supp. 2010). The Act expressly waives immunity only "in limited and enumerated instances for certain injuries," *Ezell v. Cockrell,* 902 S.W.2d 394, 399 (Tenn. 1995) (footnote omitted), and this waiver is "narrowly confined in its scope," *Doyle v. Frost*, 49 S.W.3d 853, 858 (Tenn. 2001). Consistent with prevailing law, the GTLA expressly provides that claims for damages must be brought in "strict compliance" with its terms. Tenn. Code Ann. § 29-20-201(c) (Supp. 2010); *see also Doyle*, 49 S.W.3d at 858 (citing *Ezell*, 902 S.W.2d at 399).

"One of the terms of the GTLA which demands strict compliance is the statute of limitations." *Lynn*, 63 S.W.3d at 337. Tennessee Code Annotated section 29-20-305(b) provides that an action under the GTLA "must be commenced within twelve (12) months

after the cause of action arises." Tenn. Code Ann. § 29-20-305(b) (2000). "Because the GTLA is strictly construed, courts have refused to apply statutes and rules to cases arising under the GTLA if application of the particular statute or rule would effectively expand the statute of limitations period set forth in T.C.A. § 29-20-305(b)." *Sutton v. Barnes*, 78 S.W.3d 908, 913 (Tenn. Ct. App. 2002). Tennessee courts, including our supreme court, have accordingly held the general saving statutes of Tennessee Code Annotated sections 28-1-105(a) and 28-1-115 do not apply to causes of action arising under the GTLA.[3] *E.g., Lynn v. City of Jackson*, 63 S.W.3d 332, 337 (Tenn. 2001) (holding the general saving statute of Tennessee Code Annotated section 28-1-115 did not apply to claims re-filed against a governmental entity under the GTLA); *Williams v. Memphis Light, Gas and Water Div.*, 773 S.W.2d 522, 523 (Tenn. Ct. App. 1988) (holding general saving statute of Tennessee Code Annotated section 28-1-105(a) did not apply to claims re-filed against a governmental entity under the GTLA).

Here, the trial court granted judgment in favor of the County in part due to the inapplicability of the general saving statute under the GTLA. While the trial court's evaluation of the law on this issue is correct, the court failed to take a necessary second step with respect to at least one claim (an arguably a second). Plaintiff's action for violation of medical privacy, to the extent the complaint states a cause of action at all, appears to arise in tort and would therefore be subject to the GTLA. The same is true to the extent Plaintiff

---

[3]Tennessee Code Annotated section 28-1-105(a) provides:

(a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. Actions originally commenced in general sessions court and subsequently recommenced pursuant to this section in circuit or chancery court shall not be subject to the monetary jurisdictional limit originally imposed in the general sessions court.

Tenn. Code Ann. § 28-1-105(a) (2000). Tennessee Code Annotated section 28-1-115 similarly provides:

Notwithstanding any applicable statute of limitation to the contrary, any party filing an action in a federal court that is subsequently dismissed for lack of jurisdiction shall have one (1) year from the date of such dismissal to timely file such action in an appropriate state court

Tenn. Code Ann. § 28-1-115 (2000).

alleged common law retaliatory discharge in her 2004 and 2009 complaints.[4] *See Weber v. Moses*, 938 S.W.2d 387, 393 (Tenn. 1996) (recognizing that common law retaliatory discharge sounds in tort). Plaintiff's cause of action for discrimination in violation of the THRA, however, arose pursuant to the express provision of that statute. Plaintiff's cause of action for retaliation also arguably arises under the THRA. We must therefore consider whether separate provisions of the THRA demonstrate an intent to waive the State's sovereign immunity as to those causes of action. *See Eason v. Memphis Light, Gas & Water Div.*, 866 S.W.2d 952 (Tenn. Ct. App. 1993) (analyzing causes of action under the THRA separately from the GTLA). We find the trial court erred in concluding Plaintiff's claim was time-barred, because it did not rule out the possibility that the saving statute applied to any causes of action re-filed against the County under the THRA. The court may have nonetheless reached a correct result.

The principal issue on appeal is whether, similar to claims re-filed under the GTLA, the general saving statute does not apply to claims non-suited and re-filed against a State entity under the THRA. The Tennessee Supreme Court's decision in *Davidson v. Lewis Brothers Bakery*, 227 S.W.3d 17 (Tenn. 2007), is instructive on this point though it arises in a different context. *Davidson* concerned a workers' compensation claim that an employee filed in August 2001 against his employer and the Second Injury Fund (the "Fund"), an administrative unit of a Tennessee executive branch department. *Davidson*, 227 S.W.3d at 18. After a period of discovery, the employee non-suited his action. *Id.* In December 2004, the employee re-filed his claim as to both defendants. *Id.* In its answer, the Fund argued the one-year limitations period of Tennessee Code Annotated section 50-6-203(b)(1) (1999) barred the employee's suit. *Id.* Additionally, the Fund argued the general saving statute did not permit the employee to re-file his claim because the statute did not waive the State's sovereign immunity. *Id.* at 18-19. The trial court disagreed with the Fund, and the employee recovered against both defendants. *Id.* at 19.

The *Davidson* court granted review to consider whether an employee could non-suit a timely filed claim for workers' compensation benefits against the Fund and later re-file his claim under the general saving statute of Tennessee Code Annotated section 28-1-105(a). *Id.* at 18. Our supreme court acknowledged a workers' compensation claimant has a statutory right to non-suit a timely filed claim at any time before a trial begins and later re-file pursuant to the general saving statute. *Id.* at 20. It explained further, however, that the principles of sovereign immunity and waiver remained operable "[s]hould the claimant voluntarily non-suit a claim *against a unit of the State's government . . . .*" *Id.* (emphasis added). Because the general saving statute at issue did not contain a clear and unmistakable

_____

[4]We find it unnecessary to consider whether the allegations of retaliation stated a claim under the THRA or the GTLA, if either. The cause of action for retaliation is time-barred under both scenarios.

waiver of sovereign immunity necessary to support a suit against the State, the *Davidson* court concluded the statute would not "save" a claim against the Fund where the applicable limitations period had otherwise run. *Id.* The *Davidson* court accordingly modified the decision of the trial court to dismiss the Fund from the case. *Id.* at 21.

The Middle Section of this Court applied similar reasoning in *Webster v. Tennessee Board of Regents*, 902 S.W.2d 412 (Tenn. Ct. App. 1995), a case arising under the THRA. In September 1992, the plaintiff in *Webster* filed his first complaint in state chancery court alleging Tennessee State University discriminated against him in his employment. *Webster*, 902 S.W.2d at 413. One month later, the plaintiff non-suited his chancery court claim and filed a second complaint in federal district court. *Id.* The federal court complaint alleged employment discrimination in violation of federal law and the THRA. *Id.* After the federal court dismissed and/or granted summary judgment as to unstated portions of the plaintiff's claim, he filed a third complaint in the chancery court in October 1993 again alleging employment discrimination in violation of the THRA. *Id.* The trial court dismissed the plaintiff's claim as time-barred, and the plaintiff appealed. *Id.* at 414.

The Middle Section expressly considered on appeal "[w]hether the savings statute applies to the State of Tennessee when it acts as an employer and is being sued pursuant to the Tennessee Human Rights Act." *Id.* After considering the relevant principles regarding the application and waiver of sovereign immunity, the court found neither the saving statute of Tennessee Code Annotated section 28-1-115 nor the saving statute of Tennessee Code Annotated section 28-1-105(a) applied. *Id* at 414-15. The *Webster* court stressed there was "no mention" of the State in either saving statute. *Id.* at 414. Moreover, there was no other statute that specifically authorized suits to be "saved" against the State. *Id.* at 415. Because the legislature had not waived the State's sovereign immunity, the Middle Section held the saving statute did not apply to the plaintiff's claim and affirmed the decision of the trial court. *Id.* We see no reason to depart from the holding of *Webster*, especially in light of more recent Tennessee Supreme Court decisions requiring a clear, unmistakable, and explicit legislative waiver of sovereign immunity.

We are wholly unpersuaded by Plaintiff's contention that language from this Court's prior decision of *Eason v. Memphis Light, Gas & Water Division*, 866 S.W.2d 952 (Tenn. Ct. App. 1993), supports application of the general saving statute to her claim. The *Eason* court considered whether the general saving statute applied to causes of action arising under the THRA before the legislature specifically adopted a one-year statute of limitations in such cases. *Eason*, 688 S.W.2d at 954. The defendant in *Eason*, Memphis Light, Gas & Water Division of the City of Memphis ("MLGW"), cited prior decisions arising under the GTLA as supporting its argument that the saving statute did not apply to suits against State entities under the THRA. *Id.* The *Eason* court, however, found the reasoning of those decisions

inapplicable because the GTLA possessed a statute-specific, one-year limitations period, which the courts were bound to construe strictly. *See id.* The THRA, on the other hand, did not contain a statute-specific limitations period. *Id.* Rather, courts applied the general one-year statute of limitation set forth in Tennessee Code Annotated section 28-3-104 to actions arising under the THRA prior to its amendment. *Id.* (citations omitted).

The *Eason* court found the absence of a strictly construed limitations period controlling when considered in view of the legislative intent of the THRA. *See id.* at 955-56. Although the general saving statute did not expressly demonstrate an intent to waive the State's sovereign immunity, this Court found "[t]he clear language from the Tennessee Human Rights Act evince[d] an unmistakable legislative intent to remove whatever immunity a governmental entity may have had under the Governmental Tort Liability Act." *Id.* at 955 (citation omitted). We reasoned the "[i]mmunity of the sovereign was removed as though the sovereign was a private citizen" under the THRA because "the clear legislative intent was to include the governmental entities and place them in the same standing as private employer." *Id.* We accordingly concluded the general saving statute applied to MLGW "*[i]n the absence of a limitation period in the act itself.*" *Id.* at 955-56 (emphasis added).

Plaintiff argues *Eason* requires courts to place State entities on the same footing as private employers with respect to application of the saving statutes in THRA cases.[5] Because Tennessee courts have applied the general saving statute of Tennessee Code Annotated section 28-1-105(a) to causes of actions filed against private employers under the THRA, Plaintiff contends the saving statute must also apply to suits brought against State entities under the THRA. We disagree. The *Eason* court effectively concluded the adoption of the THRA gave rise to an implied waiver of sovereign immunity with respect to the saving statute where the legislature had not indicated a contrary intent through the enactment of a statute-specific limitations period. The same reasoning does not apply subsequent to the enactment of the THRA's one-year limitations period, which courts must construe strictly.

---

[5]Plaintiff argued for the first time at oral arguments that treating government employers and private employers differently when applying (or not applying) the saving statute would violate the equal protection clauses of the state and federal constitutions. "It has long been the general rule that questions not raised in the trial court will not be entertained on appeal and this rule applies to an attempt to make a constitutional attack upon the validity of a statute for the first time on appeal unless the statute involved is so obviously unconstitutional on its face as to obviate the necessity for any discussion." *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983). Also, an issue the appellant does not raise or adequately argue in her appellate brief is waived. Tenn. R. App. P. 27(a)(7); Tenn. Ct. App. R. 6(a), (b); *Bean v. Bean*, 40 S.W.3d 52, 55–56 (Tenn. Ct. App. 2000) (citations omitted); *Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002) (citations omitted). We conclude Plaintiff's equal protection argument is not properly before this Court.

The better interpretation of *Eason* as recognized in the Middle Section's decision of *Parnell v. Apcom, Inc.*, No. M2003-00178-COA-R3-CV, 2004 WL 2964723 (Tenn. Ct. App. Dec. 21, 2004), is that "the legislature intended to place governmental entities on the same footing as private employers in the context that a THRA cause of action may be brought against the governmental entity as it can against a private employer."[6] *Parnell*, 2004 WL 2964723 at *4. The THRA "does not require that we place private employers on the same footing as governmental entities to the extent the savings statute is or is not applicable." *Id.* Rather, differentiating between governmental entities and private employers in this context is appropriate because the application of a general saving statute to private employers does not implicate the doctrine of sovereign immunity.

Having reviewed the arguments of the parties and the relevant case law, we conclude the general saving statute of Tennessee Code Annotated section 28-1-105 does not "save" a claim non-suited and re-filed against a State entity under the THRA. *See Webster*, 902 S.W.2d at 415. The legislature granted Plaintiff a right to sue by statute in the THRA. The THRA, as amended, specifically provides a limited time within which she must exercise that right. Plaintiff did not file her second complaint within the applicable limitations period and, as a result, lost the right to bring her action. Absent an express, clear, and unmistakable intent to the contrary, the saving statute cannot be used to extend the period within which to file suit against the County under the THRA. *See Sutton*, 78 S.W.3d at 913 (quoting *Williams*, 773 S.W.2d at 523) (applying similar reasoning under the GTLA). Although the legislature could have made the general saving statute of Tennessee Code Annotated section 28-1-105 applicable to THRA claims re-filed against State entities, it has not chosen to do so. We accordingly conclude Plaintiff's causes of action under the THRA are time-barred.

In sum, we hold the trial court reached the correct result when it granted judgment in favor of the County. Reviewing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in favor of Plaintiff, we find for the purposes of this opinion that Plaintiff voluntarily non-suited her causes of action under the GTLA and the THRA in April 2009. After Plaintiff took her voluntary non-suit, she re-filed her claim in June 2009. This re-filing occurred well after the expiration of the one-year limitation periods of the THRA and the GTLA. Thus, the causes of action set forth in her second complaint were time-barred regardless of whether she brought them under the GTLA or the THRA. Because no genuine issue of material fact remains, we conclude the County is entitled to

---

[6]The Middle Section in *Parnell* also noted its disagreement with the central holding of *Eason*, remaining "of the firm belief that the savings statute is not applicable to actions against governmental entities unless such is expressly stated in the statute." *Parnell v. Apcom, Inc.*, No. M2003-00178-COA-R3-CV, 2004 WL 2964723, at *4 n.10. (Tenn. Ct. App. Dec. 21, 2004). We need not address here whether more recent decisions of our supreme court have called the reasoning of *Eason* into question.

summary judgment. The decision of the trial court is affirmed for the reasons stated herein. Plaintiff is not entitled to an award of attorney's fees and costs on appeal.

## V.  Conclusion

For the foregoing reasons, we affirm the judgment of the trial court as modified and grant summary judgment in favor of the County. The costs of the appeal are taxed to the appellant, Monica Whitmore, and her surety for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE