IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 7, 2012

## ERIC PAYNE v. STATE OF TENNESSEE DEPARTMENT OF HUMAN SERVICES, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-003925-10/CT-005919-10      Gina C. Higgins, Judge**

---

**No. W2011-00761-COA-R3-CV - Filed December 10, 2012**

---

Appellant appeals from an order dismissing his claims for monetary damages against the State of Tennessee, the Tennessee Department of Human Services, and the Assistant Commissioner of the Child Support Services Division of the Tennessee Department of Human Services. Having determined that sovereign immunity bars the lawsuit, we affirm.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J.,W.S., and DAVID R. FARMER, J., joined.

Eric D. Payne, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Warren A. Jasper, Senior Counsel, for appellee, State of Tennessee, Department of Human Services, and Michael L. Adams.

## OPINION

### I. Background

This appeal involves two cases, which were consolidated in the trial court. On August 11, 2010, Plaintiff/Appellant Eric D. Payne, appearing *pro se*, filed a complaint against Defendant/Appellee Michael L. Adams in Division IV of the Shelby County Circuit Court (docket Number CT-003925-10). Mr. Adams is the Assistant Commissioner for the Child Support Services Division of the Tennessee Department of Human Services. In the complaint, Mr. Payne alleged that Mr. Adams, in his capacity as an official with the child support office, had knowingly, intentionally, and maliciously failed to close Mr. Payne's

child support case, and had failed to cease wage garnishment when both of Mr. Payne's children had reached the age of majority. Specifically, Mr. Payne alleged that he had been jailed and forced to continue paying child support even after his children turned eighteen, and that this action constituted "bullying, harassment, and vicious assaults of meanness and oppression." Mr. Payne requested a judgment of $220,000.00 in exemplary and punitive damages. On September 27, 2010, the Attorney General, on behalf of Mr. Adams, filed a Motion to Dismiss Mr. Payne's August 2010 complaint on the basis of sovereign immunity and failure to state a claim for which relief can be granted.

On December 7, 2010, Mr. Payne filed another complaint in the Shelby County Circuit Court against the Defendants/Appellees, the State of Tennessee[1] and the Tennessee Department of Human Services Child Support Services Division ("Department of Human Services," and collectively, "the State") (docket number CT-005919-10). The case was assigned to Division VII. The allegations in the December complaint were largely identical to the allegations in the Mr. Payne's prior complaint, except that Mr. Payne requested a total of $400,000.00 in damages in the second complaint. On January 11, 2011, the Attorney General, on behalf of the State, filed a Motion to Dismiss Mr. Payne's December 2010 complaint on the same basis as its earlier motion to dismiss. On February 14, 2011, the Division VII trial judge entered a consent order, transferring the second complaint to Division IV. On February 15, 2011, the Division IV trial judge entered a consent order consolidating both cases.

On March 21, 2011, the Division IV trial court granted the State's motion to dismiss Mr. Payne's case. Mr. Payne filed a timely notice of appeal.[2] Mr. Payne raises a number of issues on appeal. However, we discern one dispositive issue in this case: Whether the trial court erred in dismissing Mr. Payne's complaint against the State, the Department of Human Services, and Mr. Adams?

---

[1] It is unclear from the complaint whether Mr. Payne intended to name the State of Tennessee as a defendant in his December 2010 complaint or whether he only intended to name the Department of Human Services. However, as discussed below, departments and commissions of the State are considered to be the State for purposes of suits for monetary damages. *See **Davidson v. Lewis Bros. Bakery**, 227 S.W.3d 17, 19 (Tenn. 2007). Therefore, we will consider the State of Tennessee as a named defendant in this case.

[2] We note that Mr. Payne also filed a Rule 60.02 motion on October 17, 2011 and a Rule 15.02 Motion to Conform to the Evidence on November 3, 2011. The trial court never ruled on these motions. According to Rule 60.02, however, the filing of a motion pursuant to Rule 60.02 "does not affect the finality of a judgment." In addition, from our review of the record, no evidence was presented at trial on this cause; therefore, the Rule 15.02 motion is moot. Accordingly, we proceed to consider the merits of Mr. Payne's appeal despite the trial court's failure to rule on these motions.

## II. Analysis

The trial court dismissed Mr. Payne's case based on the State's motions for failure to state a claim upon which relief can be granted pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure. It is well settled that a motion to dismiss a complaint for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint. It admits the truth of all relevant and material allegations, but asserts that such allegations do not constitute a cause of action as a matter of law. *See Riggs v. Burson*, 941 S.W.2d 44 (Tenn.1997). When considering a motion to dismiss for failure to state a claim upon which relief can be granted, courts are limited to an examination of the complaint alone. *See Wolcotts Fin. Serv., Inc. v. McReynolds*, 807 S.W.2d 708 (Tenn. Ct. App. 1990). The basis for the motion is that the allegations in the complaint, when considered alone and taken as true, are insufficient to state a claim as a matter of law. *See Cornpropst v. Sloan*, 528 S.W.2d 188 (Tenn.1975). In considering such a motion, the court should construe the complaint liberally in favor of the plaintiff, taking all the allegations of fact therein as true. *See Cook ex rel. Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934 (Tenn.1994).

On appeal, the State asserts that this case is barred by the doctrine of sovereign immunity. Specifically, the State asserts that, because Mr. Payne's allegations concern the State, a State agency, and an official of a State agency acting in his official capacity, the doctrine of sovereign immunity applies to bar this claim. We agree.

It is well-settled that the State is immune from suit except as it consents to be sued. *Mullins v. State*, 320 S.W.3d 273, 278 (Tenn. 2010) (citing *Stewart v. State*, 33 S.W.3d 785, 790 (Tenn.2000)). "The rule of sovereignty is both constitutional and statutory." *Mullins*, 320 S.W.3d at 278; *see also Wells v. Tenn. Bd. of Regents*, 231 S.W .3d 912, 916 (Tenn. 2007). Article 1, section 17 of the Tennessee Constitution provides "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Tenn. Const. art. I, § 17; *see also Davidson v. Lewis Bros. Bakery*, 227 S.W.3d 17, 19 (Tenn. 2007) (quoting Tenn. Const. art. I, § 17). The Supreme Court has held that this section must be strictly construed. *Beare Co. v. Olsen*, 711 S.W.2d 507 (Tenn. 1986). Thus, unless the legislature consents to be sued in plain, clear, and unmistakable language, no suit against the State can be maintained. *Wells*, 231 S.W.3d at 917 (quoting *Northland Ins. Co. v. State*, 33 S.W.3d 727, 731 (Tenn. 2000)).

Tennessee Code Annotated Section 20-13-102(a) similarly provides:

> No court in the state shall have any power, jurisdiction or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view

-3-

to reach the state, its treasury, funds or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea or demurrer of the law officer of the state, or counsel employed for the state.

Our Supreme Court has held that "the State" includes "the departments, commissions, boards, institutions and municipalities of the State." *Davidson*, 227 S.W.3d at 19 (quoting *Metro. Gov't of Nashville & Davidson Cnty. v. Allen*, 415 S.W.2d 632, 635 (Tenn. 1967)).

According to the above statute, the State, agencies or departments of the State, and officers of the State acting by authority of the State are immune from suits for monetary damages in State courts. Mr. Payne's complaints were filed in State court and seek only monetary damages. Further, the Department of Human Services is an agency of the State. *See Holloway v. State*, No. W2005-01520-COA-R3-CV, 2006 WL 265101, \*2–3 (Tenn. Ct. App. Feb. 3, 2006); *see also* Tenn. Comp. R. & Regs. 1240-02-04-.01(1)(b) ("The Tennessee Department of Human Services is the *authorized state agency* for the enforcement of the child support program in the State of Tennessee . . . .") (emphasis added). Thus, the State and the Department of Human Services are clearly immune from suit. In addition, reviewing the complaint against Mr. Adams in the light most favorable to Mr. Payne, we can only conclude that Mr. Payne seeks damages for alleged wrongful actions committed by Mr. Adams while he was acting in his official capacity as Assistant Commissioner of the Child Support Services Division of the Tennessee Department of Human Services. Indeed, the allegations in the complaint concern the actions of the Child Support Services office in seeking payment from Mr. Payne despite his contention that he no longer owed child support due to the majority of his children. Nothing in the complaint specifically alleges that Mr. Adams was acting individually or outside the scope of his authority in directing his office to seek child support from Mr. Payne. Thus, the State correctly argues that this suit is barred as to Mr. Adams as well.

Mr. Payne offers no authority for his contention that the State, the Department of Human Services, or Mr. Adams are subject to suit in this case. Although we are cognizant of the fact that Mr. Payne filed his complaint *pro se*, and continues to represent himself without an attorney on appeal, it is well settled that *pro se* litigants are held to the same procedural and substantive standards to which lawyers must adhere. As recently explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts

> must also be mindful of the boundary between fairness to a *pro se* litigant and unfairness to the *pro se* litigant's adversary. Thus, the courts must not excuse *pro se* litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Jackson v. Lanphere*, No. M2010–01401–COA–R3–CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). Without any authority that the Legislature consented to the State, the Department of Human Services, or Mr. Adams being sued in the context of the allegations presented in Mr. Payne's complaints, we must conclude that the trial court did not err in dismissing Mr. Payne's complaints as barred by the doctrine of sovereign immunity.

In its brief, the State also argues that:

> To the extent that [Mr. Payne's] claims might be construed as seeking damages under 42 U.S.C. § 1983, the United States Supreme Court has expressly recognized that a state is not a "person" within the meaning of 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58 (1989). As the Court noted in Will, § 1983 does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of civil rights. Will, 491 U.S. at 6. Thus, the Supreme Court held that neither a state, its agencies, nor its officials acting in their official capacities are "persons" under § 1983. Therefore, no claim lies, and the trial court was correct to dismiss this lawsuit.

Even considering the complaints in the light most favorable to Mr. Payne, however, we must conclude that Mr. Payne fails to make out any cognizable claim for a violation of 42 U.S.C. § 1983. Claims properly brought pursuant to 42 U.S.C. § 1983 involve "the deprivation of [] rights, privileges, or immunities secured by the Constitution and laws" by persons acting under color of law or custom. 42 U.S.C. § 1983. However, Mr. Payne never alleges, in either complaint, that his due process rights were violated during the child support proceedings, or that any of his other constitutional or statutory rights were violated by the Appellees in this case. In addition, 42 U.S.C. § 1983 is not cited in either complaint. However, even assuming, *arguendo*, that Mr. Payne makes out a cognizable claim for a violation of 42 U.S.C. § 1983, we agree with the State that neither the State, the Department of Human Services, nor Mr. Adams are "persons" within the meaning of 42 U.S.C. § 1983. *See **Bowden Bldg. Corp. v. Tennessee Real Estate Comm'n***, 15 S.W.3d 434, 438–39 (Tenn. Ct. App. 1999) (recognizing

that the State, State agencies, and State officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983). Thus, we likewise affirm the dismissal of any purported claim made pursuant to 42 U.S.C. § 1983.

### III. Conclusion

The judgment of the Shelby County Circuit Court is affirmed and costs are taxed to Appellant Eric D. Payne, and his surety. This case is remanded to the trial court for any further proceedings as may be necessary and consistent with this opinion.

_____
J. STEVEN STAFFORD, JUDGE