IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 2, 2021

**ANTHONY D. HERRON, JR. v. STATE OF TENNESSEE**

**Appeal from the Tennessee Claims Commission**
**No. T20182106      James A. Hamilton, III, Commissioner**
_____

**No. W2019-00595-COA-R3-CV**
_____

This case involves a breach of contract claim brought against the Tennessee Department of Human Services pursuant to Tennessee Code Annotated section 9-8-307(a)(1)(L). The defendant moved to dismiss for lack of subject matter jurisdiction, claiming the parties never entered into a written agreement. The Tennessee Claims Commission granted the motion and dismissed the complaint for lack of subject matter jurisdiction. We affirm the Commission's decision and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission
Affirmed and Remanded.**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Anthony D. Herron, Jr., Memphis, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; E. Ashley Carter; and Shanell L. Tyler, for the appellee, State of Tennessee.

**OPINION**

**I.      FACTS & PROCEDURAL HISTORY**

This case arises from Anthony D. Herron, Jr.'s ("Claimant's") interactions with the Tennessee Department of Human Services ("DHS").[1]   In November 2014, Claimant

_____

[1] This opinion marks Claimant's fourth appeal to this Court since he applied for vocational rehabilitation benefits with DHS. *See Herron v. State*, No. W2020-00776-COA-T10B-CV, 2020 WL 3481696 (Tenn. Ct. App. June 25, 2020); *Herron v. Tenn. Dep't of Human Servs.*, No. W2017-00067-COA-

applied for vocational rehabilitation benefits with the Division of Rehabilitation Services, a branch of DHS.[2] Claimant and DHS established an Individualized Plan for Employment that was meant to help Claimant gain vocational skills. Under the plan, the parties arranged for Claimant to take classes that would help enable him to become a flight instructor. However, the flight school that was administering the classes closed unexpectedly. As a result, Claimant was unable to complete his vocational education. After the flight school closed, DHS determined that other self-employment plans submitted by Claimant were not feasible.

Thereafter, Claimant alleges that DHS agreed to administer benefit payments. He claims that he and DHS entered into an agreement on October 4, 2017, ("the Agreement"). Under the Agreement, Claimant asserts that DHS agreed to administer to Claimant five benefit payments of $18,595.22, totaling $92,976.10. Claimant also alleges that DHS agreed to pay an additional $200,000 to Claimant if DHS failed to make a timely payment or failed to distribute a payment. He asserts that Anthony McClyde (a Field Supervisor for DHS) signed the Agreement on behalf of DHS. Claimant maintains that after the parties executed the Agreement, he retained a copy and Mr. McClyde retained a copy of the Agreement.

Claimant asserts that following the supposed execution of the Agreement, DHS refused to administer any benefit payments or the purported $200,000 late fee. As a result, on August 6, 2018, Claimant, acting pro se, filed a complaint for damages with the Tennessee Claims Commission ("the Commission") pursuant to Tennessee Code Annotated section 9-8-307, *et seq.* In his complaint, Claimant alleged that because of DHS's purported breach of contract, he suffered $292,976.10 in damages. In his complaint, Claimant specifically stated that Mr. McClyde and DHS retained a copy of the Agreement. However, he did not attach a copy of the Agreement as an exhibit to his complaint.

Throughout this case, DHS has maintained that no representative of DHS, including Mr. McClyde, entered into a written agreement that stated DHS agreed to make benefit payments to Claimant. Based on its position that it never executed the Agreement at issue, on September 4, 2018, DHS moved to dismiss Claimant's complaint pursuant to Tennessee Rule of Civil Procedure 12.02(1). DHS claimed that the Commission lacked subject matter jurisdiction to hear the case because there is no written contract between DHS and Claimant. In support of its motion to dismiss, DHS included a memorandum of law and an affidavit of Mr. McClyde.

---

R3-CV, 2017 WL 6467280 (Tenn. Ct. App. Dec. 18, 2017); *Herron v. Tenn. Dep't of Human Servs.*, No. W2016-01416-COA-R3-CV, 2017 WL 438626 (Tenn. Ct. App. Feb. 1, 2017).

[2] The Division of Rehabilitation Services administers a vocational rehabilitation program that seeks to provide training services to eligible individuals.

On October 1, 2018, Claimant responded to DHS's motion to dismiss. Claimant relied on his original affidavit that he included with his complaint. Claimant also argued that, although he did not include a copy of the Agreement with his complaint, he complied with Rule 10.03(2) of the Tennessee Rules of Civil Procedure by stating in his complaint that a written copy of the Agreement was in DHS's possession.

After Claimant filed his response to the motion to dismiss, DHS moved to compel Claimant to provide a written copy of the Agreement. Previously, DHS made discovery requests for Claimant to provide copies of the Agreement. Despite DHS's requests, Claimant did not provide a copy of the Agreement.

On January 2, 2019, the Commission entered an order of dismissal, granting DHS's motion to dismiss. The Commission found that as of the date of the court's order, Claimant had not produced a copy of the Agreement. It further found that there was insufficient proof of a written contract between Claimant and DHS and, as a result, determined that it lacked subject matter jurisdiction under Tennessee Code Annotated section 9-8-307(a)(1)(L). In response to Claimant's assertion that he complied with Rule 10.03, the Commission stated that Claimant's allegations were merely an attempt to comply with Rule 10.03(2). The Commission relied on the affidavit of Mr. McClyde that stated the parties never executed a written agreement for benefit payments. Accordingly, the Commission granted DHS's motion to dismiss and dismissed Claimant's complaint.

Following the Commission granting DHS's motion to dismiss, Claimant moved for an *en banc* hearing. DHS replied by again asserting that the Commission lacked subject matter jurisdiction. Claimant filed a response to DHS's reply. Claimant's response included, for the first time, an alleged copy of the Agreement.

The Agreement provided by Claimant was a one-page document titled "Confidential Agreement." The Agreement contained terms that described benefit payments to Claimant. The Agreement purports to show that it was executed by Claimant and Mr. McClyde on October 4, 2017. Below the line for Mr. McClyde's alleged signature, it states that Mr. McClyde signed as a "Counselor" for the Division of Rehabilitation Services.

DHS filed a memorandum in response to Claimant providing an alleged copy of the Agreement. DHS alleged that the Agreement was a forged document and was not actually signed by Mr. McClyde. It asserted that Claimant digitally copied Mr. McClyde's signature from a previous filing. In support of its memorandum, DHS included a new affidavit by Mr. McClyde. Mr. McClyde denied ever signing a document titled "Confidential Agreement." Similarly, he asserted that the purported agreement provided by Claimant was a forged document, that he has never signed an agreement as a "Counselor," and that no "client" of DHS has ever received services through a document entitled "Confidential Agreement."

- 3 -

The Commission determined that Claimant's motion did not meet the necessary criteria for an *en banc* review and denied his motion.

Claimant timely appealed.

## II. ISSUES PRESENTED

Claimant raises one issue on appeal, which we have slightly reworded: whether the Commission erred in holding that it did not have subject matter jurisdiction to hear Claimant's alleged breach of contract claim.

For the reasons stated herein, we affirm the decision of the Commission and remand.

## III. DISCUSSION

At the outset of our discussion, we note the treatment that this Court gives to a pro se litigant such as Claimant. As we have previously stated:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (citations omitted); *see also Kondaur Capital Corp. v. Finley*, No. W2019-00143-COA-R3-CV, 2019 WL 5067195, at *2 (Tenn. Ct. App. Oct. 9, 2019); *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 551 (Tenn. Ct. App. 2015).

Turning our attention to the merits of this appeal, we must determine whether the Commission had the authority to adjudicate Claimant's breach of contract claim against DHS. "The sovereign State of Tennessee is immune from lawsuits except as it consents to be sued." *Smith v. Tenn. Nat'l Guard*, 551 S.W.3d 702, 708 (Tenn. 2018) (quotation marks omitted). "[T]he State includes the departments, commissions, boards, institutions and municipalities of the State," including DHS. *Id.* (quotation marks omitted); *see also Payne v. State*, No. W2011-00761-COA-R3-CV, 2012 WL 6115665, at *3 (Tenn. Ct. App. Dec. 10, 2012). In order for the Legislature to waive sovereign immunity, it must enact a statute that "'clearly and unmistakably' express[es] [its] intent to permit claims against the State." *Smith*, 551 S.W.3d at 709 (quoting *Davidson v. Lewis Bros. Bakery*, 227 S.W.3d 17, 19 (Tenn. 2007)).

In 1984, the Legislature "enacted a comprehensive procedure for the filing, prosecution, and disposition of monetary claims against the State. As a part of this statutory scheme, the Tennessee Claims Commission, consisting of one commissioner from each grand division of the State, was created to hear and determine claims against the State." *Mullins v. State*, 320 S.W.3d 273, 278-79 (Tenn. 2010). The Legislature empowered the Commission "with exclusive jurisdiction to adjudicate certain specified claims for monetary relief brought against the State." *Harris v. Tenn. Rehab. Initiative in Corr.*, No. M2013-01858-COA-R3-CV, 2014 WL 1887302, at *1 (Tenn. Ct. App. May 8, 2014) (citing Tenn. Code Ann. §§ 9-8-301 and -307; *Stewart v. State*, 33 S.W.3d 785, 791 (Tenn. 2000)). Tennessee Code Annotated section 9-8-307(a) specifies the causes of action that may be brought against the State and adjudicated by the Commission. *Ku v. State*, 104 S.W.3d 870, 875 (Tenn. Ct. App. 2002). If a claim falls outside of the scope of section 9-8-307(a), "the Claims Commission lacks subject matter jurisdiction and has no authority to hear [the] claim[]." *Mullins*, 320 S.W.3d at 279. Whether the Commission has jurisdiction to hear a claim under section 9-8-307(a) is a question of law that is reviewed de novo with no presumption of correctness. *See id.* at 278.

The portion of subsection 9-8-307(a) that is relevant to this case states that the Commission has exclusive jurisdiction to hear "[a]ctions for breach of a written contract between the claimant and the [S]tate which was executed by one (1) or more state officers." Tenn. Code Ann. § 9-8-307(a)(1)(L).

After Claimant filed his complaint that alleged breach of contract, DHS moved to dismiss the complaint. DHS filed its motion pursuant to Tennessee Rule of Civil Procedure 12.02(1), arguing that the Commission lacked subject matter jurisdiction to hear the case.[3] The Commission agreed and granted DHS's motion to dismiss.

"A motion to dismiss for lack of subject matter jurisdiction falls within the purview of Tenn. R. Civ. P. 12.02(1)." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012). "We review a dismissal by the Claims Commission under Tenn. R. Civ. P[.] 12.02(1) . . . de novo with no presumption of correctness." *Harris*, 2014 WL 1887302, at *2 (citing *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000); *Conley v. State*, 141 S.W.3d 591, 594-95 (Tenn. 2004)).

"[S]ubject matter jurisdiction refers to the power of a court to adjudicate a controversy." *Church of God in Christ, Inc. v. L.M. Haley Ministries, Inc.*, 531 S.W.3d 146, 156 (Tenn. 2017) (citing *Word v. Metro Air Servs., Inc.*, 377 S.W.3d 671, 674 (Tenn. 2012)). When a party challenges the existence of subject matter jurisdiction, the burden is

---

[3] DHS also filed its motion under Rule 12.02(6), arguing that Claimant failed to state a claim for which relief could be granted. However, that portion of DHS's motion was not the basis for the Commission's ruling and is not pertinent to this appeal.

on the plaintiff to establish that the court has jurisdiction to hear the case. *Church of God in Christ, Inc.*, 531 S.W.3d at 161 (citing *Staats v. McKinnon*, 206 S.W.3d 532, 543 (Tenn. Ct. App. 2006)); *Redwing*, 363 S.W.3d at 445.

In 2017, the Supreme Court clarified the standard for reviewing a challenge to subject matter jurisdiction. In *Church of God in Christ, Inc. v. L.M. Haley Ministries, Inc.*, the court stated that a party "may take issue with a court's subject matter jurisdiction using either a facial challenge or a factual challenge." 531 S.W.3d at 160 (quoting *Redwing*, 363 S.W.3d at 445). "A facial challenge attacks the complaint itself and asserts that the complaint, considered as a whole, fails to allege facts showing that the court has subject matter jurisdiction to hear the case." *Id.* In contrast:

> a factual challenge admits that the alleged facts, if true, would establish subject matter jurisdiction, but it attacks the sufficiency of the evidence to prove the alleged jurisdictional facts. When resolving a factual attack on subject matter jurisdiction, a court may consider matters outside the pleadings, such as affidavits or other documents. Furthermore, motions challenging subject matter jurisdiction are not converted to summary judgment motions when matters outside the pleadings are considered or when disputes of material fact exist. Rather, courts presented with such motions must weigh the evidence, resolve any factual disputes, and determine whether subject matter jurisdiction exists.

*Id.* (citations omitted).

DHS's motion to dismiss was a factual challenge to whether the Commission had subject matter jurisdiction in this case. In its motion and accompanying materials, DHS claimed that there was insufficient evidence to prove the existence of a written contract. It maintained that it never executed an agreement that entitled Claimant to benefit payments. Clearly, DHS challenged the sufficiency of the evidence. Further, DHS continues to present this argument on appeal, denying the existence of the Agreement. Accordingly, we shall review DHS's motion to dismiss as a factual challenge to whether the Commission had subject matter jurisdiction under Tennessee Code Annotated section 9-8-307(a)(1)(L).

Claimant maintains that the Commission has jurisdiction to hear his breach of contract claim under section 9-8-307(a)(1)(L) because he satisfied the requirements of Tennessee Rule of Civil Procedure 10.03 when he filed his complaint. Rule 10.03 states that when the foundation of a claim is the existence of a written instrument, "a copy of such instrument or the pertinent parts thereof shall be attached to the pleading as an exhibit unless the instrument is . . . in the possession of the adverse party and this fact is stated in the pleading." Although Claimant did not attach a copy of the alleged Agreement to his complaint, he attempted to satisfy the exception to Rule 10.03 by stating that DHS (through Mr. McClyde) retained a copy of the Agreement. However, the trial court did not dismiss

the complaint simply due to Rule 10.03. "In assessing factual challenges to subject matter jurisdiction at the motion to dismiss stage, a court must keep in mind that the plaintiff bears the ultimate burden of proving facts establishing the court's jurisdiction over the case." *Staats*, 206 S.W.3d at 543. In that case, "[i]f a defendant has filed affidavits or other competent evidentiary materials challenging the plaintiff's jurisdictional allegations, the plaintiff may not rely on the allegations of the complaint alone but instead must present evidence by affidavit or otherwise that makes out a prima facie showing of facts establishing jurisdiction." *Id.*

Because DHS presented a *factual challenge* to subject matter jurisdiction, Claimant could "not rely on the allegations of [his] complaint alone" or "conclusory allegations" to establish jurisdiction. *Id.* (quoting *Chenault v. Walker*, 36 S.W.3d 45, 56 (Tenn. 2001)). Despite DHS presenting a factual challenge to subject matter jurisdiction in its motion to dismiss, Claimant did not provide an alleged copy of the Agreement until *after* the Commission granted DHS's motion.

As described in its written order of dismissal, the Commission reviewed the evidence presented by the parties to determine whether it had subject matter jurisdiction under section 9-8-307(a)(1)(L). The only relevant evidence presented to the court at this time were competing affidavits submitted by Claimant and Mr. McClyde. In the absence of a copy of a written instrument, the Commission relied on the affidavit of Mr. McClyde to determine that there was no proof of a written agreement between the parties. As a result, the Commission determined that it did not have subject matter jurisdiction to hear Claimant's breach of contract claim.

Based on this Court's review of the record, we agree with the Commission's decision to grant DHS's motion to dismiss. The only potential evidence of a written agreement was Claimant's affidavit that claimed he executed the Agreement with Mr. McClyde on October 4, 2017, and that Mr. McClyde retained a copy of the Agreement. Presented with a *factual challenge* to subject matter jurisdiction, the Commission correctly considered Mr. McClyde's competing affidavit in resolving this factual dispute. *See Church of God in Christ, Inc.*, 531 S.W.3d at 160 (stating that the court "must weigh the evidence" and "resolve any factual disputes" when presented with a factual challenge to subject matter jurisdiction). It was Claimant's burden to affirmatively establish that the Commission had subject matter jurisdiction. *See Church of God in Christ, Inc.*, 531 S.W.3d at 161; *Redwing*, 363 S.W.3d at 445. However, Claimant failed to provide sufficient evidence to prove the existence of the Agreement that would enable him to bring a claim under section 9-8-307(a)(1)(L).

Based on our foregoing discussion, we agree with the Commission's decision to grant DHS's motion to dismiss under Tennessee Rule of Civil Procedure 12.02(1). Claimant failed to provide sufficient proof a written contract to support his breach of contract claim. Therefore, the Commission lacked subject matter jurisdiction to hear

Claimant's complaint under Tennessee Code Annotated section 9-8-307(a)(1)(L).[4]

Claimant asserts that even if the Commission lacked subject matter jurisdiction to hear his complaint, it should have transferred the case to the board of claims. However, Claimant did not include this argument as an issue in his brief. Therefore, any discussion on the issue is waived. *See Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012) ("Appellate review is generally limited to the issues that have been presented for review.").

## IV. CONCLUSION

For the reasons stated herein, the judgment of the Commission is hereby affirmed. This cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellant, Anthony D. Herron, Jr., for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE

---

[4] We recognize that Claimant did eventually provide an alleged copy of the Agreement *after* the Commission granted DHS's motion to dismiss. However, DHS vehemently asserted that the copy provided by Claimant was a forged document. Even assuming *arguendo* that the copy provided by Claimant is a genuine copy of the Agreement, Claimant failed to present this evidence with his complaint or in defense to DHS's motion to dismiss. Meaning, the Commission had no way of considering it as potential evidence when it considered whether it had subject matter jurisdiction over the case. The sole issue presented to this Court on appeal is whether the Commission properly granted DHS's motion to dismiss because it lacked subject matter jurisdiction. As a result, any potential post hoc evidence of the Agreement is irrelevant to our analysis.